# Haller Nutt *v.* Mary J. Nutt *et al.*

Courts of equity have jurisdiction to correct mistakes or obvious omissions in a will; but they must be such as are demonstrable from the scope and structure of the will, or as are readily pointed out by a plain construction of its terms.

The statute of wills in Mississippi requires three *witnesses to a will* bequeathing real estate. Where a will bequeathing both real and personal estate had but two witnesses, it was held good as to the *personal* estate, but void as to the *real* estate.

When a legacy is given to an heir at law in lieu or in satisfaction of his claim on the real estate devised to another, or upon condition that he would not dispute the will, or that he would release all claim to the estate devised—in all these cases, if the will is ineffectual as to the real estate for the want of the proper solemnities, the heir at law would be put to his election between the legacy and the void devise.

In this case the bill states that Rush Nutt, previous to his death, made and executed his will, which was duly probated in Jefferson county. Haller Nutt was appointed executor under the will. By a mistake, there were but two witnesses to the execution of the will—the testator and Dr. Savage, who drew the will, believing that two witnesses were sufficient for the disposition of real estate by last will; and that said testator had left memoranda in his own hand writing, (without date or signature, however,) corresponding with the probated will, which memoranda were on file in the probate court of Jefferson county.

By the will the complainant, Haller Nutt, is sole devisee and legatee of the estate of the testator, for the purposes contained in the will.

Under an order of the probate court, the personal estate was appraised at $65,084 12. In pursuance of the will, and on written agreement with Mary J. Nutt, the widow of the testator, an appraisement of the land was had, being 1664 acres at $35 an acre, which was in accordance with the marriage contract to ascertain Mrs. Nutt's seventh part.

At the death of the testator, his heirs, independently of the will, were Mary A. Mason, to whom $5000 is to be paid by complainant under the will; Sarah, Eliza and Margaret Nutt, to each of whom is bequeathed the sum of $10,000, besides their education and maintainance; Emma Nutt, (half sister of the other children of Rush Nutt, who died an infant, leaving her half brothers and sisters her heirs,) a bequest of $5000; Rittenhouse Nutt, in whose favor no provision is made, having received his portion in testator's lifetime, and the complainant, to whom is devised and bequeathed all the real and personal estate of the testator, excepting a few articles of not much value, subject to the payment of said legacies, and to the payment of the value of the seventh part of the value of the real estate to the widow.

The bill makes Mary J. Nutt, the widow, Mary A. Mason, Sarah, Eliza and Margaret Nutt defendants, stating that the latter two are minors.

Bill further states, that complainant has taken charge of the estate and entered upon his duties under the will; but is advised of the difficulty growing out of the will, being attested but by two witnesses in regard to the real estate thereby devised, unless sanctioned by this court—to which court he is advised belongs the power of correcting the mistake in said will as to its attestation, and directing him in discharging the trust and duties devolved upon him under said will, in the payment of the legacies, and respecting the rights of said infant children, and the other defendants, as well as the rights of the complainant, and the distribution of the estate, in the event of the will not being decided to be sufficient for that purpose.

The bill prays, that the will may be carried into effect, as to the real and personal estate, according to the intention and direction of the testator, contained in his last will, and that any mistakes or defects may be corrected; and for directions how to act in paying over legacies, &c. and for general relief.

None of the defendants answered, excepting Eliza and Sarah, the minors, filed a general answer, by R. L. Dixon, their guardian *ad litem*, &c. Pro confesso's were taken as to the others, and the case thus set down for hearing.

The CHANCELLOR.

The bill states that the complainant is the sole executor of the last will and testament of Rush Nutt, deceased. That by the terms of the will, the whole of the estate, (with some trifling exceptions) real and personal, was given to the complainant, subject to the charge of the several pecuniary legacies, given to the defendants. That by the mistake of the testator, the will is attested by but two witnesses, he supposing two to be sufficient. The bill also states, that he had entered upon the discharge of his duties, but being advised that there might be some difficulty, arising from the defective execution of the will as it regards the realty, he comes into this court for directions in executing the will and paying the legacies aforesaid, and prays that the bill may be established, in relation to the whole of the estate, that the alleged mistake in the attestation may be corrected, and for general relief. The bill has been taken as confessed as to all the adult defendants; there is an answer by the guardian *ad litem* for the two minors. So far as the prayer of the bill for the correction of the supposed mistake of the testator, in regard to the attestation of the will is concerned, and so far as the bill prays for the establishment of the will, as to both the real and personal estate, there is no ground whatever for relief in this court. There is no doubt courts of equity have jurisdiction to correct mistakes or obvious omissions in a will, but they must be such as are demonstrable from the scope and structure of the will, or as are readily pointed out by a plain construction of its terms. 4 Ves. 49; 3 Bro. Chy. 446; 12 Ves. 279.

But courts of equity, no more than courts of law, can dispense with the regulations prescribed by the Legislature as it regards the formalities necessary in the execution of a will. Their jurisdiction does not extend to supplying any circumstances, for the want of which the will would be void under the statute of wills, unless perhaps a due execution was prevented by fraud, or accident, and was not, as in this case, a mere ignorance of what was required in order to a complete execution. 3 Bro. Chy. Rep. 571; 2 Ves. jun. 138; 6 Ves. 739; 3 Meriv. 321, 332; 11 Ves. 625; So far as the prayer for the establishment of the will is concerned, it is sufficient to remark, that the will is unquestionably good as to the personalty, and courts of equity cannot entertain jurisdiction of

any question touching the validity of a will for real estate, except as merely incidental to some other object, as inforcing trusts, or marshalling assets. 19 Vesey, 501–2. The will being attested by but two witnesses, cannot be sustained as to the real estate; that must be regarded as having descended to all the heirs at law, in common with the complainant, as property undisposed of by the will. 4 Dess. 305; 4 Paige 117; 6 Conn. Rep. 293.

I will now examine whether there is any other ground stated in the bill, upon which relief can be had. There is a prayer for a decree directing the mode of payment as to the legacies. I had some doubts at first how far this case was affected by the several decisions of the High Court of Errors and Appeals, recognizing a broad and exclusive jurisdiction, on the part of the Probate Court, over testamentary matters; but a particular reference to them has satisfied me that this case is not compassed by any of the rules laid down by them on the subject.

Courts of equity entertain jurisdiction upon a great variety of questions connected with the administration of estates, which no other tribunal would be competent to adjust. Thus: in settling the cross equities which may arise between the heir or devisee, and legatee, in questions of charging and exonerating their different interests in the estate;—in questions in regard to the conversion of real into personal, and personal into real estate;—and especially for the purpose of putting a party to his election, who claims under and against a will:—in all these cases the relief afforded is founded upon the relative equities of all the parties. Jeremy's Eq. 538; 1 Sim. and Stu. 206. An executor may come into this court for the purpose of having the assets in his hands marshalled in the payment of debts and legacies. In this case, if the devise upon which the payment of the legacies are in part charged should be held void, the real estate given by the will to the complainant would descend to the several legatees, who are the defendants, and the amounts of the legacies should abate as to the value of the land, at the rate the legacies bear to the value of the whole estate. To take an account and adjust the proportions to be paid to each legatee under this rule, would of themselves seem to justify the complainant in coming into this court. The principles of the doctrine of election in courts of equity, will, I

think, sustain the complainant under his prayer for general relief, in demanding that the defendants shall elect to take their legacies, and give him a release for the land, or make an abatement from the legacies, according to the value of the land descended to them.  The word election, in the sense in which it is used in courts of equity, is strikingly defined by Judge Story.  It is, he says, "the obligation imposed upon a party to choose between two inconsistent or alternative rights or claims, in cases where there is a clear intention of the person from whom he derives one, that he should not enjoy both."  2 Story's Eq. 335.  Was it not the clear intention of the testator, in this case, from whom the defendants derive their claim to the pecuniary legacies of the will, that they should not have both the legacies, and the fund, out of which they are in part directed to be paid?

I think, from the frame of the will, a clear case for putting the defendants to an election is made.  It was obviously the intention of the testator in giving his entire estate to the complainant, and charging the several pecuniary legacies upon it, to put them on the implied condition that the legatees should confirm the whole of his will; and if the condition was not complied with, to give to the complainant out of the estate a benefit equal to that of which he is deprived, making the legacies charged on the complainant abate according to the land out of which they were in part to be paid, but which, from circumstances unforeseen by the testator, proved unavailing.  A condition so clearly implied, will be enforced in equity in furtherance of the intention of the testator.  Welby *v.* Welby, 2 Ves. and Bea. 191.

It is certain the defendants cannot consistently with the intention of the will claim both the legacies and the land, upon which the payment of them is in part charged.  This would be to violate the well established rule, that a man shall not take a benefit under a will, or any other instrument, and at the same time disappoint the provisions of that instrument.  Noys *v.* Mordaunt, 2 Vernon 581.  One of the exceptions to this rule is found in the case where a man executes a will attested by two witnesses only, and devises his real estate *from* his heir at law, and the personal estate is given to the heir at law.  This is good as to the personal estate, yet for the want of being executed according to the statute of wills,

Haller Nutt *v.* Mary J. Nutt.

is void as to the real estate. The devisee, as to the real estate in such case, could not compel the heir at law to make good the devise, before he could entitle himself to his personal legacy, because it is said that as to the real estate there is no will. Heard *v.* Greenbank, 3 Atkins, 714. The reason in favor of this exception is somewhat artificial. It is said the will not being duly executed as to the real estate, the court cannot look to the instrument as evidence of an intention to devise with a view to any ulterior purpose. But even in such a case, if there be any condition annexed to the legacy, which would render a claim to the real estate inconsistent and repugnant to the grounds upon which the legacy was given, the exception would not be sustained, and the legatee would be put to his election. Thus, where a legacy is given to the heir at law, in lieu, or in satisfaction of his claim on the real estate, devised to another, or upon condition that he would not dispute the will, or that he would release all claim to the estate devised,—in all these cases, if the will is ineffectual as to the real estate for the want of the proper solemnities, the heir at law would be put to his election between the legacy and the void devise. 2 Ves. sen. 12; 2 Ves. jun. 371; 8 Ves. 481; 2 Ves. and Bea. 190.

It is unnecessary at this time to express an opinion more in detail, as to the mode and extent of the relief to be given, as an issue must be directed upon the will before any further action can be had. Let a decree be drawn accordingly.