CASE 39.—ACTION BETWEEN W. T. PATRICK AND OTHERS
AND FANNIE PATRICK FOR THE CONSTRUCTION
OF THE WILL OF R. E. PATRICK, DECEASED.—
October 28, 1909.

## Patrick, &c. v. Patrick

Appeal from Daviess Circuit Court.

T. F. BURKHEAD, Circuit Judge.

From the judgment plaintiffs appeal.—Affirmed.

1. Wills—Construction—Intention of Testator.—The court in
construing a will should aim to ascertain testator's inten-
tion, and should, if possible, so construe the will as to uphold
each item. or clause thereof.

2. Wills—Construction—Creation of Trusts—Implication.—Tes-
tator devised all of his property to his son, providing he
should pay a specified sum to each of his sisters, and declared
that the property should be kept together until the death or
remarriage of the wife, and that the son should remain with
the family and manage the estate until the wife's death or
remarriage, when the property should pass as provided for.
Held, that the wife was the beneficiary of the entire estate
for life or during widowhood, with remainder to the son, who
took the title as trustee for the wife.

3. Kills—Charge on Property Devised—Nature.—A testamen-
tary gift to testator's son, provided that he pay to each of
his sisters a specified sum and that if any of the sisters
should be dead at testator's death, the sum should be paid to
her bodily heirs, was a gift to the son on condition that
the payments to his sisters were made, which payments must
be made at the death of testator, and the amount due each
with interest from the end of the year succeeding testator's
death, was a charge on the son's interest.

4. Wills — Construction — Trusts   Eliminated — Termination.—
Where testator devised all his property to his son, provided
that he pay to each of testator's daughters a specified sum, and
declared that the property should be kept together until the
death or marriage of testator's wife, and that the son
should remain with the family and manage the estate until

the wife's death or remarriage, the fact that the son removed from the property did not affect the trust created in favor of the wife or the rights of the wife, where the son continued to faithfully execute the trust.

5. Trusts—Testamentary Trusts—Compensation of Trustee.—Where the will creating a trust does not declare that the trustee shall not be compensated for the services rendered in executing the trust, the court may allow him a reasonable compensation therefor.

6. Wills—Construction—Estates Created.—Testator devised all his property to his son, providing he pay a specified sum to each of testator's daughters, and declared that the property should be kept together until the death or marriage of testator's wife, and that the son should remain with the family and manage the estate until the wife's death or marriage and that if the son should die without bodily heirs his share should go to his surviving sisters or their bodily heirs. Held, that the son acquired a fee in the entire estate, subject to defeat by his death without living issue before the death or marriage of testator's wife.

7. Wills—Construction—Defeasible Fee—Time of Contingency.—The rule that where an estate is given by will which may be defeated on the happening of a contingency, and there is no other period apparent or intended in which the event shall occur, it shall refer to an event happening within the lifetime of the testator, does not obtain when the will shows on its face with reasonable certainty that the event to which the contingency refers is in contemplation of testator to occur after his death.

MILLER & TODD and C. S. WALKER, attorneys for appellants.

### SYNOPSIS.

1. A testator, having given a devise in fee clearly manifested in the earlier clauses of the will, is not presumed to have intended, by words subsequently used, to cut down this devise by a life estate in another, unless the words used clearly indicate such intent. A devise in fee clearly manifested in the earlier clauses of the will is not cut down by subsequent words or later clauses. Any other construction would be inconsistent with and repugnant to the fee clearly devised. 49 Cent. Dig., sec. 1341, pp. 1823, 1824, (e); p. 1824, (g); sec. 1324, p. 1827, (a); Becker v. Roth, 115 Ky. Dec. (in S. W.) 761.

2. Where property, real or personal, is devised or bequeathed to one in fee, nothing remains to be devised over, and a devise

or bequest over to others, if the devisee should die and leave no heirs, is void.    Becker v. Roth, 115 Ky. Dec. (in S. W.) 761; 49 Cent. Dig., sec. 1342, p. 1827, (a).

3.    A devise on condition that the devisee pay to another a certain sum, and upon such payment the fee becomes vested, is a conditional devise, and such payment cannot be compelled and its payment cannot be premature.    The devisee may elect to comply with the condition and take the fee, or not to comply with it and not take the fee.

LAVEGA CLEMENTS and BEN D. RINGO· for appellee.

## POINT INVOLVED AND AUTHORITIES.

Under a proper construction of the will of R. E. Patrick, appellee, Fannie Patrick is entitled to a life estate in all the property that decedent owned at the time of his death.    Hunt v. Johnson, 10 B. Mon. 344; Page on Wills, Sctions, 461-2-3; Allen, &c., v. VanMeters Devisees, 1st Met. 264; Axton v. Watson, 84 Ky. page 210.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

R. E. Patrick died in Daviess county leaving a will which was duly admitted to probate.  So much·of the will as it will be necessary to consider is as follows:

"(1)    I will all my property, real, personal and mixed, to my son, W. T. Patrick, after paying all my debts and funeral expenses, provided he shall pay each one of my daughters, to-wit, Maggie Bishop, Cora Jesse, Mollie Ayers, Minnie Patrick, Fannie Patrick, Annie Patrick, Luvena Patrick, $100.00.  If any of my said daughters shall be dead at my death, then the $100.00 shall be paid to her bodily heirs, if any; if none, the $100.00 shall belong to said W. T. Patrick.

"(2)    If my beloved wife shall survive me I will and desire my property be kept together just as it is until her death or marriage, my son, W. T., to stay

with the family and manage the estate to the best possible advantage until her death or marriage when the property shall pass as in item one.

"(3) If my son shall die without bodily heirs his share of my estate shall go to his surviving sisters, or to their bodily heirs, if any shall be dead leaving bodily heirs."

The testator was survived by his widow and the son and seven daughters named in the will. The son resided on the real estate devised at the time of the testator's death, but has since removed to another home, acquired with means of his own. While the fact does not clearly appear from the record before us, we take it for granted that the widow and daughters of the testator, or such of the latter as are unmarried still reside on the land devised. By the present action brought in the court below the widow set up claim to an estate for life or during her widowhood in the property devised, asked a construction of the will, that the executor, W. T. Patrick, be required to settle his accounts as executor, and pay her the net income arising from the estate. The answer, in substance, denies that she owns any interest in the estate devised, asserts title in appellant to the whole estate and his right to certain credits in the settlement of his accounts as executor. The issues presented by the pleadings made a construction of the will necessary, and the construction given it by the circuit court was that the appellee as widow took, under its provisions, an estate for life, or during her widowhood, in the property devised, with remainder at her death or marriage to appellant. Therefore by the judgment rendered it required of appellant the accounting asked, and he, being dissatisfied with the judgment, has appealed.

A will should, if possible, be construed so as to uphold each item or clause thereof. The end to be attained is the ascertainment of the testator's intention. Applying these well known rules to the will under consideration, we think its meaning is that appellee, after the payment of the testator's debts, takes or becomes the beneficiary of the entire estate devised, for life, or during her widowhood, with remainder to appellant. The title, however, to the estate which she takes is, by the will, vested in appellant as her trustee. In other words, so long as she lives and remains unmarried, appellant holds in trust for her the title to the property devised. At her death or marriage the trust will cease, and, if he is then living, the estate devised becomes his absolutely.

The requirement of the will that the property after the death of the testator shall be "kept together just as it is until her death or marriage, my son, W. T., to stay with the family and manage the estate to the best possible advantage until her death or marriage," means something more than that the support of the widow shall be a mere charge or burden upon the estate. Its meaning is an estate to her for life or widowhood in the property devised, although the son is to hold and manage it as her trustee, devoting the income of the estate to her use and to the support of such of the daughters as may live with her and constitute a part of the family. If such was not the intention of the testator, what meaning can be given the following language as to the disposition of the estate after the death of the widow, "when property shall pass as in item one," namely, to the appellant, W. T. Patrick? While the language of the second clause of the will does not in express terms declare that appellant is to take and hold as trustee

for appellee, during her life or widowhood, the title to the entire estate devised by the first clause of the will, it obviously does so by implication, and as obviously makes the widow of the testator the cestui que trust.

It is not clear that the daughters are also to be regarded as cestui que trust, but such of them as may remain with their mother, as a part of the family, are, we think, to be supported from the estate as long as she lives and continues a widow but, with her death or marriage, the right of the daughters to live upon or receive a support from the estate will cease, as will the trust itself. Not only does appellant take the property devised by the will subject to the life estate or widowhood of appellee, though holding in trust the title and possession thereof during that period, but he also takes it upon the condition that he shall pay each of his seven sisters $100. We think it was contemplated by the testator that the $100 to each of his daughters should be paid by appellant at his death, not from the estate, but out of his own means, for the will provides: "If any of my said daughters shall be dead at my death, then the $100.00 shall be paid to her bodily heirs, if any, if none, then the $100.00 shall belong to said W. T. Patrick." It appears that all the daughters were living at the testator's death and are still living, but does not appear whether they have been paid the $100. If not, the amount due each should be a charge upon appellant's remainder interest in the testator's estate with interest from the end of the year succeeding the testator's death.

Our conclusion that appellee took under the will a life estate in the property of the testator seems to us to be consistent with all of the provisions of that in-

strument, and not less consistent with its provisions do we regard the further conclusion as to the creation of the trust under which appellant is to preserve the estate and apply its net proceeds or income to appellee's use. The language of the will from which the trust is to be implied is not merely suggestive, recommendatory, or in the form of a request from the testator, with which appellant might or might not in his discretion have complied, but is of such a precatory character as to reasonably satisfy us from the language itself, taken in connection with its effect upon the disposition of the testator's property, that the latter's intention to create a trust beneficial to his widow is as complete as if he had given the property to hold upon a trust declared in express terms and in the customary manner. Pomeroy's Eq. Sec. 1016.

If correct in our conclusion that the property devised appellant in trust for appellee is an estate for life or during her widowhood, in all the property left by the testator, it would seem to follow that she is entitled to receive, year by year, from the trustee the entire net profits of the estate as long as she lives and continues a widow. The fact that appellant has removed from the property of which he is trustee does not affect the trust or the rights of appellee, if he continues to faithfully execute the trust. As the will does not declare appellant shall not be compensated for the services he renders in executing the trust committed to him, we think the circuit court should allow him reasonable compensation therefor, and, as appellee has not taken a cross-appeal from that part of the judgment declaring appellant entitled to a reasonable compensation, the question will not be considered by us.

The third clause of the will was not construed by the circuit court; but, the entire will being before us, we will give an interpretation of that clause, as it may prevent further controversy between the parties. The question suggested by the reading of the clause is: At what time would the death of appellant without "bodily heirs" cause "his share" of the testator's estate to "go to his (appallant's) surviving sisters, or to their bodily heirs, if any shall be dead, leaving bodily heirs"? Numerous cases may be found in which this court held that where an estate is given by will which may be defeated upon the happening of a contingency, and there is no other period apparent or intended in which the event shall occur, it shall refer to an event happening within the lifetime of the testator; but this rule does not obtain when the will shows on its face with reasonable certainty that the event to which the contingency refers is, in contemplation of the testator, to occur after his own death. We think the clause under consideration has reference to the death of appellant before the death or marriage of his mother, the life tenant.

If the testator had had in mind the death of appellant before his own death, he doubtless would have said so in clause 3, as he did in clause 1 with respect to the bequest to his daughters of $100 each to be paid by appellant; it being therein declared: "If any of my said daughters be dead at my death, then the $100.00 shall be paid to her bodily heirs, if any; if none, the $100.00 shall belong to said W. T. Patrick." But the third clause simply provides: "If my son shall die without bodily heirs his share of my estate (i. e., the remainder) shall go to his surviving sisters," etc. In our opinion the testator here meant that, if appellant should die childless before the death

or marriage of his mother, in that event his sisters, or the children of such of them as may then be dead, will take the estate devised him; that is, the will gives appellant a defeasible fee in the entire estate devised; in other words, the fee in remainder to the whole, subject to be defeated by his death, without living issue, before the death or marriage of his mother. Baxter v. Isaacs, 71 S. W. 907, 24 Ky. Law Rep. 1618; Lewis v. Shropshire's Trustee. 68 S. W. 426, 24 Ky. Law Rep. 332; Birney v. Richardson, 5 Dana. 424.

As the judgment of the circuit court in all essential particulars conforms to the conclusion herein expressed, it is hereby affirmed.