### Patrick, et al. v. Birkhead, Judge.

(Decided February 24, 1911.)

## In Court of Appeals.

Where, in a suit to settle the accounts of a trustee the court at one time makes a temporary allowance to the beneficiary which is appealed from and superseded, he may at the next term upon a showing then made, make another temporary allowance to the beneficiary in addition to the allowance made at the preceding term, as courts of equity may from time to time require a trustee to do what he ought to do.

E. B. ANDERSON for plaintiffs.

LA VEGA CLEMENTS and BEN D. RINGO for defendant.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON.

In Patrick v. Patrick, 135 Ky., 307, it was held that W. T. Patrick held the estate under the will of his father in trust for the benefit of his mother during her life or widowhood, with remainder to him at her death. On the return of the case to the circuit court after that decision it was referred to a commissioner to report a settlement of the accounts of the trustee, and show the amount in the trustee's hands belonging to his mother. A report was filed by the commissioner, exceptions were filed to it, and on December 29, 1910, the court sustained the exceptions and quashed the master's report. He also entered an order directing the trustee to pay his mother within ten days the sum of $200 and to pay her

$25 on the first day of each month thereafter, beginning February 1, 1911, until the further order of the court. The case was set for hearing on the first day of the January term. W. T. Patrick prayed an appeal from so much of this order as directed him to pay his mother the money referred to; executed a supersedeas bond, and took out a supersedeas. At the January term the master commissioner having filed another report, and it appearing that the mother was destitute and without means of support, and it also appearing from the commissioner's report that a much larger sum was due her, the court, on her motion, ordered the trustee to pay her the sum of $190 on the next day. He did not pay the money and having been adjudged by the court guilty of contempt, he has filed in this court his petition against the circuit judge, under section 110 of the Constitution, seeking to restrain the circuit court from enforcing his judgment, and he has entered a motion for a temporary restraining order to remain in force until the motion for the writ may be heard. The circuit judge has filed a response to the motion and the case is submitted on the application for the temporary writ.

The writ is applied for on the ground that the circuit judge was without authority to modify at one term a judgment which he had entered at another term, and that when he had entered a judgment at one term, and it was superseded, he was without authority to enter other judgments at another term. The facts of the case do not bring it within the rule relied on. The circuit judge made in December an order directing the payment by the trustee of a certain sum to the beneficiary to supply her temporary needs, and set the case over for hearing on the merits to the January term. At the January term when the commissioner had filed his report, the circuit judge did not modify the order which he had made in December, but on the facts which he had then before him, made a further order directing another sum of money to be paid to the beneficiary. From their very origin, courts of equity have controlled matters between trustee and cestui que trust, requiring the trustee from time to time to do that which in good conscience he should do. When the chancellor here made a temporary allowance to the beneficiary at one term, he did not lost control over the case. He still had the case before him to settle the trust, and require the trustee to execute it proper-

ly, and he had full power at the next term to direct the trustee to pay other money to the beneficiary. The propriety of the chancellor's order will not be reviewed on a motion of this sort. He was not proceeding without his jurisdiction.

The motion for a temporary writ is overruled.