## Patrick v. Patrick.

(Decided January 4, 1912.)

## Appeal from Daviess Circuit Court.

Judgments, Final—Interlocutory Orders.—Orders made pending an action, directing a trustee to pay to the beneficiary certain sums, will be treated as having been merged in a final judgment rendered, fixing the amount due by the trustee.

E. B. ANDERSON for appellant.

LAVEGA CLEMENTS and BEN D. RINGO for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In Patrick v. Patrick, 135 Ky., 307, the will of R. E. Patrick, who died in 1904, was construed, and it was held that his widow took an estate for life in the property, with remainder to her son, W. T. Patrick, the appellant here, and, that the son was to hold and manage the estate as the trustee for the widow, devoting the income of the estate to her use and to the support of such of the daughters as might live with her and constitute a part of her family. It was further held that she was entitled to receive, year by year, from the trustee the entire profits of the estate, and that the trustee was entitled to reasonable compensation for his services as trustee in the management of the estate, which consisted of a small tract of land and a little coal mine.

Upon the return of the former case to the lower court, and in February, 1910, the appellant was ordered to appear before the master commissioner and make a settlement of his accounts as trustee. In December, 1910, the master commissioner filed his report of settlement showing that appellant owed appellee $3,467.20. To this report, the appellant and the appellee, the widow of R. E. Patrick, excepted. After this, and during the same month, the lower court entered an order directing the appellant to pay appellee twenty-five dollars per

month,. commencing the first day of February, 1911, to continue until the further order of court; and, also rendered judgment against the appellant for $200, and directed him to pay this sum to appellee within ten days thereafter. From the order making the allowance, and the judgment, an appeal was granted, and the judgment superseded.

In January, 1911, it appearing to the court that appellant had failed to pay any part of the $200, another order was entered directing him to pay appellee on the following day $190. Various orders were made in an effort to compel the payment of the $190, and the monthly allowances, but without success until in March, 1911, when the $190 was paid. In June, 1911, the report of settlement made by the master commissioner with appellant as trustee of the estate of appellee was considered, and a judgment rendered in favor of the appellee for $747.82. From that judgment this appeal is prosecuted.

Counsel for appellant insists that the lower court in stating the accounts of appellant, committed a number of errors to his prejudice. It is said he should have been given credit by $268.05 instead of $195.75 on account of money paid to merchants for appellant—that he should have been given credit for $350 for a monument placed over his father's grave instead of $50—that he should have been allowed $257.10 for burial expenses in place of $35; that he was charged $45 for a mule when only $40 should have been charged; that while he was given credit for taxes for the years 1904, 1905 and 1906, he was not credited by the taxes paid for the years 1907, 1908, 1909 and 1910; that the allowance of $171 as commission was entirely inadequate; that he was charged too much royalty on coal. It is possible that the court erred in some instances in failing to give appellant credit by all he was entitled to; but, on the other hand, the court failed to charge him in respect to some items with as much as he might have been properly charged. And, after considering the whole matter, we have concluded that the judgment of the lower court is substantially correct, and we are not disposed to disturb it. The order of December 4, 1910, requiring the appellant to pay appellee $200, and the order entered in January, 1910, requiring him to pay her $190, as well as the order made in December, 1910, directing the payment to appellee of $25 a month, commencing on February 1st, 1911, are each to be treated as having been merged in the judgment, and when appellee

has satisfied the judgment he will not be required to pay any part of the $200 or the $190, or the $25 a month allowance.   In short, the judgment will be treated as a full settlement between the parties up to the date of the commissioner's report, upon which it was based.   The appellant will be required by such further orders of court as may be necessary to account and pay over to appellee annually from the date of the commissioner's report, as long as he continues as trustee all the income and profits derived from the estate, or that should have been derived from it by the exercise of reasonable care in its management, and he will be allowed for his services a reasonable compensation and given credit by any amounts paid to or collected by appellee from the estate since the commissioner's report was made, and for which he did not receive credit in the judgment rendered in June, 1911.

The judgment of the lower court is affirmed.