### Lewis v. Reed's Executor, et al.

(Decided February 17, 1916.)

### Appeal from Fayette Circuit Court.

1.  Wills—Reformation and Correction—When Allowed.—Strictly speaking, courts of equity have no power to reform a will, as that term is used with respect to other instruments.  It is only where the mistake in the will is apparent on its face and the court is able, by a due construction of its terms, to ascertain the means of correcting the mistake, that a court of equity will correct such mistake when called upon to construe the will or to determine the rights of the parties claiming under its provisions.

2.  Wills—Reformation—Construction.—In an action to reform and construe a will so as to include plaintiff as one of the devisees, the will considered and held not to show on its face such a clear mistake as to authorize the relief asked.

ROBERT B. FRANKLIN and ROBERT C. TALBOTT for appellant.

FALCONER & FALCONER for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Henry S. Reed, a resident of Fayette county, died in the year 1911, leaving a will which was dated January 4, 1910, and duly probated by the Fayette county court. After authorizing his executor and trustee to sell and convey all of his property, and making certain specific bequests, which are not material to this controversy, the will is as follows:

"6th.  All of the residue of my estate, real and personal, I desire my executor to hold in trust for the benefit of my nieces and nephews hereinafter named, paying to each of them that survive me for fifteen years after my death their equal portion of the income therefrom in semi-annual installments.  At the end of said fifteen years all of my real and personal estate shall be sold by my executor and trustee and divided equally among my nephews and nieces and their children.  My intention is that all my nephews and nieces and their children shall take an equal portion of my estate.  The nephews and nieces who take under this will are: Mrs. Mattie Simpson Dunlap, Houston, Texas; Mrs. Lilla H. Goggin, El Paso, Texas; Mary Simpson, Eagle Pass, Texas; Mrs. Catherine Bowman Banks, Columbus, Georgia; Joseph J. Reed, Knoxville, Tennessee; S. P. Simpson, Eagle Pass, Texas; William R. Bowman, Fayette County, Kentucky; Bush Bowman, Guthrie, Oklahoma; Andrew Bowman, Fayette County, Kentucky; John B. Bowman, McIntosh, New Mexico; Robt. Lee Bowman, Bellaire, Ohio; and Ellen Douglas Payne, Lexington, Kentucky.

"7th.  No charge shall be made by my executor to any of the above named devisees for gifts or advancements made during my life.

"8th.  I hereby appoint the Security Trust Company, of Lexington, Kentucky, my executor and trust of this will."

Plaintiff, Lizzie G. Lewis, is the only daughter of Elizabeth Reed Lewis, who was a niece of testator and who was dead when the will was written.  The executor and trustee declined to recognize her as one of the devisees under the will.  Claiming that the will shows on its face that the testator clearly intended that all of his nephews and nieces and their children should share equally under clause 6 of the will, and that, by mistake, she was not named as one of the devisees, plaintiff brought this action to have the will reformed and construed so as to give her an interest in the devised estate. From a judgment denying her the relief prayed for, she prosecutes this appeal.

Strictly speaking, courts of equity have no power to reform a will, as that term is used with respect to other instruments.  It is only where the mistake in the will is apparent on its face and the court is able, by a due construction of its terms, to ascertain the means of correct-

ing the mistake, that a court of equity will correct such mistake when called upon to construe the will or to determine the rights of the parties claiming under its provisions. Eckford, etc. v. Eckford (Ia.), 58 N. W., 1094; Bingle v. Volz, 142 Ill., 214, 34 Amer. St. Rep., 64; 1 Story's Eq. Jur., 179; 2 Pomeroy's Eq. Jur., sec. 871; 1 Redf. on Wills, 3rd ed., 500; Kerr on Fraud and Mistake, Am. ed. by Bump, 448; Wilson v. Morley, L. R. 5 Ch. Div., 776; Mellish v. Mellish, 4 Ves., 45; Jackson v. Payne, 2 Medc. (Ky.), 567; Nutt v. Nutt, 1 Freem. Ch., 128; Hunt v. White, 24 Tex., 643. It is conceded that this is the correct doctrine, but insisted that it is peculiarly applicable to the will in question. In brief, the argument is as follows: The testator left no heirs except his nieces and nephews. Plaintiff's mother being dead, plaintiff was an heir. An heir will not be excluded or disinherited except by express words or necessary implication. In Re Reed's Estate, 76 Atlantic, 617; Howard v. American Peace Society, 49 Me., 288. Where the construction of a will is doubtful, a construction favorable to the heir will be adopted. In Re Long's Estate, 77 Atlantic, 924, 228 Pa., 594; Baker v. Baker, 152 Ill. App., 620. In construing wills the court should aim to ascertain the testator's intention and should, if possible, adopt a construction that will uphold each item or clause thereof. Patrick v. Patrick, 135 Ky., 307. When, from the language of a will, there is no doubt as to the testator's intention, the provisions thereof may be broadened and supplied by the chancellor, in order to carry out such intention. Peynado's Devisees v. Peynado's Executor, 82 Ky., 5. The will in question distinctly provides that, at the end of fifteen years, all of the real and personal estate of the testator shall be sold by the executor and trustee, "and divided equally among my nephews and nieces and their children." Not only so, but the will further provides: "My intention is that all my nephews and nieces and their children shall take an equal portion of my estate." By using this language it is claimed the testator did not leave his intention to mere construction, but expressly declared his intention that all of his nephews and nieces and their children should share equally in the devised property. Having thus declared his intention and then having proceeded to name the devisees, the will clearly shows on its face that in naming the devisees plaintiff was overlooked and her name omitted from the will by mistake.

While the argument is forcibly presented, it overlooks other provisions of the will with which the provisions relied on by plaintiff, when properly construed, are not inconsistent, and which show a clear intention on the part of the testator to limit the devise to those nieces and nephews specifically named. If the testator had desired that all of his nephews and nieces should take under the sixth clause of his will, there would have been no necessity whatever for naming them. Instead of so providing, he expressly limits the devise of the income for fifteen years to his nephews and nieces "hereinafter named." When he comes to dispose of the corpus of the estate he simply provides that it shall be divided equally "among my nephews and nieces and their children." While, in the next clause, he does say "my intention is that all my nephews and nieces and their children shall take an equal portion of my estate," he does not stop there. He goes further and says: "The nephews and nieces who take under this will are: (here follow their names)." His intention is further shown by the seventh clause of the will, which distinctly declares that "no charge shall be made by my executor to any of the above named devisees for gifts or advancements made during my life." The word "all" being used in connection with language showing a clear purpose on the part of the testator to devise the rest of his estate only to certain named devisees, we conclude that the testator meant only all of those who were named and not all of his nieces and nephews, regardless of whether they were mentioned in the clause in question. We do not regard as controlling the fact that plaintiff's mother was dead when the will was written, and that the testator did not attempt to mention the children of any of his deceased nephews and nieces. His purpose was to have his estate kept intact for a period of fifteen years and the income therefrom paid to the designated beneficiaries during that period. He did not intend that the corpus of his estate should be distributed until the expiration of that period. It was not improbable that during that time one or more of his nephews and nieces might die. Having in view this contingency, he made provision for their children. Construed in the light of this circumstance, the will does not show an intention to make any distinction between the beneficiaries of the corpus of the estate and the beneficiaries of the income.

In speaking of children he meant only the children of the devisees mentioned. Courts will always construe a will so as to harmonize its different provisions and give effect to each if possible. To this end they will not disturb the first provision further than is absolutely necessary to give effect to the second. It is only where the provisions are absolutely irreconciliable that the latter will be preferred and will prevail over the former. Jacob v. Jacob, 4 Bush, 115; Hunt v. Johnson, 10 B. Mon., 342; Howard v. Howard's Exr., 4 Bush, 497. The construction we have adopted does no violence to the will itself. It simply harmonizes the word "all" with the other provisions of the will, which clearly show that he intended to include as devisees only the nephews and nieces specifically named. Nor does this construction violate the rule that heirs should not be excluded except by express words or necessary implication. By devising all the rest and residue of his estate to the nephews and nieces named in the will, the testator, by necessary implication, excluded all others. We, therefore, conclude that the will does not show on its face such a clear mistake on the part of the testator as would justify us in correcting the will so as to include plaintiff as one of the devisees.

Judgment affirmed.