## Schriver, Trustee, et al. v. Frommel, et al.

(Decided March 14, 1919.)

### Appeal from Campbell Circuit Court.

1. Trusts—Compensation of Trustee.—A trustee, even though interested in the trust property, is entitled to compensation for his services, unless estopped by express or implied contract.

2.    Trusts—Compensation of Trustee.—Where the will of the father of the parties, fixing the compensation of his executors and trustees at $1,500.00, was probated and at the same time a trust deed was executed to one of the parties requiring of him the same duties as the executors and trustees under the will would have had to perform and without changing the provision of the will as to compensation, held that the trustee is entitled to an allowance in that amount, which is very moderate compensation for the services performed.

WM. U. WARREN for appellants.

JOHN T. HODGE, OSCAR P. GRISCHY and ELMER W. GRISCHY for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

The only question involved upon this the second appeal in this case, is whether or not the trustee is entitled to compensation for his services in administering the trust created in the manner fully set out in the opinion on the former appeal, which is reported in 179 Ky. 228.

Upon the return of the case to the lower court, an order was entered directing the trustee to settle his accounts with the master commissioner, and upon that settlement he asked and was allowed by the master the sum of $1,500.00 for his services and to pay his brothers, George and Robert, for the assistance they had rendered him in the management of the trust property. To this allowance by the master appellee filed an exception, which is sustained by the chancellor, and judgment was entered denying to the trustee any compensation for himself or his assistants for their services in administering the trust.

It will not be necessary to consider the question of allowance to the assistants employed by the trustee, since that is a matter between them and the trustee, which is not here, as they are not asking any allowance, nor could they have done so, since they are not trustees under the trust deed, and the will of the father by which they were made trustees of his estate was superseded by the trust deed, although we think the will is so closely connected with the deed as to form a part of the whole transaction and require a consideration of its provisions upon the question of compensation for the trustee under the deed.

Prior to the American Revolution it was the common law rule that a trustee was not entitled to compensation for his services in respect to his trusteeship, in the ab-

sence of any provision in the order of the court appointing him, or of a contract or stipulation with the parties, and this rule was enforced in this country and in this state at an early period as a rule of the common law. (39 Cyc. 480.) But from the very first, the soundness of this rule was questioned in this country, and the accepted rule at the present time is that unless otherwise regulated by statute or contract, courts of equity will exercise a just discretion and make or withhold allowance as they consider the particular circumstances require. (39 Cyc. 481.)

In this state by statute, administrators, executors and guardians are allowed commissions for their services whether or not they are interested in the trust estate, but there has been no legislative action with reference to compensation to trustees. This court has, however, in numerous decisions, expressed its disapproval of the old common law rule, and in Phillips' Admr. v. Bustard, 1 B. Mon. 348 (1841) exposed the fallacy of the grounds upon which it was supposed to rest, and concluded the discussion of the question thus:

"Is there now, therefore, any sufficient reason here, for applying a rule so harsh and unreasonable to the solitary class of cases denominated express technical trusts? We think not.

"For similar reasons, the courts of Pennsylvania and of our parent state Virginia, have decided that trustees may be entitled to compensation without any express direction or contract therefor. See 3 Binney 457; 1 Wash. 246; 4 H. & Mun. 415. And this appearing to be intrinsically just, not forbidden by policy, and not only not inconsistent with any analogy in our local jurisprudence, but perfectly consistent with its complete harmony, we do not feel authorized to repudiate it and blindly adhere to the old English rule, the reasons for which, if ever good, are now altogether inapplicable in this age and country, whenever it may be presumed that compensation was expected and seems to be reasonable and just."

In no case in this court since that opinion was rendered has its reasons or conclusions been attacked or questioned, but compensation has been allowed to trustees in all cases for their services, unless there was an express or implied agreement to the contrary.

Counsel for appellee concedes that the old common law rule has been abrogated in this state, insofar as

strangers to the trust are concerned, but insists that where the trustee has an interest in the trust estate, he has no right to compensation in the absence of a stipulation therefor. This contention is based upon Miles v. Bacon, 4 J. J. Marshall, 457, decided in 1830, wherein the court enforced the old common law rule where the trustee had an interest in the estate, but this opinion was based upon the old common law rule, which had theretofore been enforced in McMillan v. Scott, 1 T. B. Mon. 150 (1824), both of which, however, antedated by a number of years the repudiation of the rule in Phillips' Admr. v. Bustard, *supra*.

Not only has there been no recognition or even discussion in any case in this jurisdiction since Phillips' Admr. v. Bustard, *supra*, was decided of the old common law rule, but upon the other hand in numerous cases the right of trustees to compensation has been accepted as a matter of course, and the only controversy since that time about compensation appearing in any of the decisions, is as to the amount. (See Phillips v. Burton, 107 Ky. 88; Central Trust Co. v. Johnson, 25 Ky. L. Rep. 55; Mercer County v. Pearson, 24 Ky. L. Rep. 1368; Kentucky Natl. Bank v. Stone, 11 Ky. L. Rep. 948; Pearcy, &c. v. Greenwell, &c., 80 Ky. 616; Patrick v. Patrick, 135 Ky. 307.) It is true that in none of these later cases did it happen that the trusteeship was coupled with an interest, but the repudiation of the old common law rule in this jurisdiction was based upon the conception that the "laborer is worthy of his hire," and the fact that compensation having been provided for by statute for administrators, executors and guardians, compensation to trustees was justified and demanded by analogy. On the very same grounds and by parity of reason as well as analogy, the trustee should be paid reasonable compensation for his services even though interested in the estate, unless by express or implied contract he is to receive no compensation therefor, because his services are none the less valuable to other interested parties, and no such distinction is made in the cases of administrators, executors and guardians.

It is also insisted by counsel for appellee that this trust was nothing more in effect than a provision for expediency in the management of a partnership business of parties having equal joint interests in the trust estate, and properly comes within the rule that a partner is not

entitled to compensation for his services in the management of affairs of the partnership; but this contention is wholly without merit, because while the parties owned the property jointly, there was no partnership whatever in its management, but that by express agreement was delegated solely to the trustee.

The only questions remaining are whether the trusteeship was accepted under circumstances which imply a contract for compensation, or as stated in Phillips v. Bustard, from which "it may be presumed compensation was expected and seems to be reasonable and just" and if so, the amount at which same should be fixed. It is upon these two questions that we think the will of the father has a bearing, although abrogated almost entirely by the trust deed. It was provided in the will of the father that the executors and trustees therein named should receive as compensation for the same services as the trustee under the deed was required to perform, the sum of $1,500.00, and it seems to us, under the circumstances and in the absence of any provision in the trust deed disturbing this provision of the will, most reasonable that the acceptance of the trusteeship requiring the performance of the same services, was in anticipation of such compensation. In fact since the will was probated, it seems nearly impossible to avoid the conclusion that such of its provisions as were not abrogated by the trust deed executed between the parties upon the same day it was probated, are still in full force, and we are unable to escape the conclusion that under the circumstances here, the trustee is entitled as compensation, out of which of course he must pay any assistants employed by him, the sum of $1,500.00 for his services, which, except for the provisions of the will fixing that sum as compensation, would be entirely inadequate, since the trustee, during the ten years he had charge of and managed the trust property, collected rents in small sums from a large number of tenants, amounting to $57,806.47, out of which he paid for repairs, taxes and insurance, $30,739.78, and distributed the balance among the trustors, together with about $49,000.00 for portions of the property sold by the joint efforts of all parties.

Wherefore the judgment is reversed with directions to allow the trustee $1,500.00 as compensation for his services.