### Goggin, et al. v. Reed's Executor, et al.

(Decided November 17, 1925.)

#### Appeal from Fayette Circuit Court.

1. Wills—Word "Children" a Word of Purchase and Not of Limitation, Unless Contrary Purpose Appears from Will Itself.—The word "children" is a word of purchase and not of limitation, unless

a contrary purpose otherwise appears from the will itself; but the contrary is true, where, from an examination of the entire will, it appears testator used word in sense of "heirs."

2. Wills—Will Construed to Use Word "Children" as Word of Limitation in the Sense of Heirs and Not as Word of Purchase.—Where will provided that at expiration of trust period trustee was to sell and divide property "equally among my nephews and nieces and their children," held, the word "children" was used in sense of heirs as word of limitation and not of purchase; intention to so use word being shown by devise of property in trust "for the benefit of my nephews and nieces," following which the names and addresses of the nieces and nephews were given "who take under this will," without reference to their children, and will considered as whole did not show any intention to make distinction between beneficiaries of corpus of estate and beneficiaries of income.

J. M. GOGGIN for appellants.

HUNT, NORTHCUTT & BUSH and J. N. SANFORD for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE—
Affirming.

Appellants are children of Mrs. Lilla H. Goggin, a niece of Henry S. Reed, and claim directly as devisees under the sixth clause of his will an interest in his estate.

Their contention having been denied in the court below they appeal.

This same clause of the will was before us in Lewis v. Reed's Executor, 168 Ky. 559, 182 S. W. 638, and there construed as was done by the chancellor in this case. Appellants, however, were not parties to that action and insist that construction is neither binding upon them as *res judicata* nor upon us under the *stare decisis* rule. Conceding the first we may waive the second of these contentions, since we are convinced the will was correctly construed in that case even if we might concede (as we do not) that it was not necessary or proper in deciding that case to construe its provisions as here involved.

The sixth clause as well as the seventh and eighth are copied in full in that opinion and by reference thereto it will be seen that the testator devised the residue of his estate, real and personal, to a trustee "for the benefit of my nieces and nephews hereinafter named," and provided that during the trust period the income be paid

"to each of them that survive me." It is therefore clear, as is conceded, that the children of the named nieces and nephews took no interest under the will in the income during the trust period. At the expiration of that period the trustee is directed to sell the property and divide the proceeds "equally among my nephews and nieces and their children," and the testator's intention is then declared to be "that all my nephews and nieces and their children shall take an equal portion of my estate."

Standing alone these provisions would unquestionably require a *per capita* distribution among the nephews, nieces and their children under the familiar rule that the word children is a word of purchase and not of limitation unless a contrary purpose otherwise appears from the will itself. McFarland v. Hatchett, 118 Ky. 423, 80 S. W. 1185; Marquette v. Marquette, 190 Ky. 182, 227 S. W. 157; Ramey v. Ramey, 195 Ky. 673, 243 S. W. 934.

But under these same authorities and many others, the contrary is true if from an examination of the whole instrument it appears the testator used the word "children" in the sense of "heirs," as is, we think, the case here.

This is made reasonably clear by other specifications of intention that both precede and follow the above provision and declaration of intention. Preceding it we find that the testator devised the property to a trustee to be held for fifteen years "for the benefit of my nephews and nieces hereinafter named," and directed him to pay to each of them "their equal portion of the income therefrom." Following it he gave the names and addresses of his nieces and nephews "who take under this will" without any reference to their children, and then provided that no charge for gifts or advancements during his lifetime should be made against any of "the above named devisees."

Thus quite clearly it is made to appear that testator regarded his nephews and nieces as his devisees and, if this be true, then his use of the words "and their children" in the clause above referred to, was plainly intended in the sense of "and their heirs." This is also indicated strongly by the absence of any apparent reason why he should have excluded the children of his named devisees from the income during the trust period if he intended they should share *per capita* in the distribution of the corpus of the estate thereafter. Considering the

will as a whole we are now, as in Lewis v. Reed, *supra,* of the opinion "the will does not show an intention to make any distinction between the beneficiaries of the corpus of the estate and the beneficiaries of the income."

Judgment affirmed.