## Thomas' Ex'r et al. v. Marksbury et al.

(Decided June 6, 1933.)

630

O. T. KALTENBACHER and C. G. BARRICKMAN for appellants.
E. H. DAVIS for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

John C. Thomas, a resident of Shelby county, died testate on February 28, 1931, possessed of an estate worth about $40,000, and survived by his widow, Mattie Thomas, two daughters, Mary Lizzie Marksbury and Cleo Brown, and one son, A. R. Thomas. His will reads as follows:

"Pleasureville Sept the 25 1927

"I wille to my wife Mattie Thomas one house and lot 3 acres mor les in South Pleasureville and all of the household goods and Nine thousand dollars in cash to do as she pleases with—after bearal epences is paid. the remainder to be ecully devided between my three children; and the farm at Christiansburg sell and devid the money and same and the note that I hold agance I. G. Marksbury if not paid or part paid take the remainder out of Lizzie's part. her hold the note agince him and a home bought for Lizzie Marksbury and deeded too her her life time and at her death to go too her bodly heirs.

"I want A. R. Thomas to be Executor without bound

"John C. Thomas

"Stock and farm empliments sole (Written on margin.)"

In due time A. R. Thomas qualified as his father's executor and brought this suit against the devisees under the will and the three living children of Mary Lizzie Marksbury for a construction of the will. Mrs. Marksbury pleaded in substance that her share of the estate, after deducting her husband's note, was approximately $8,000; that of this amount her father intended that only about $3,000 should be invested in the home, and that she should have an absolute estate in remainder. There was evidence that the other children had homes, and that the testator frequently declared in their presence that he wanted $3,000 or $4,000 invested in a home for Mrs. Marksbury, and the balance, after deducting her husband's note, paid to her, and such was the judgment of the chancellor. The executor appeals.

Courts will always construe a will so as to harmonize its different provisions and give effect to each, if possible. To this end they will not disturb the first provision further than is absolutely necessary to give effect to the second. It is only where the provisions are irreconcilable that the latter will be preferred and prevail over the former. Lewis v. Reed's Ex'r, 168 Ky. 559, 182 S. W. 638, Ann. Cas. 1917D, 1155; Muir's Ex'r v. Howard, 178 Ky. 51, 198 S. W. 551. After providing for his wife and his burial expenses, testator first directed that his estate be equally divided between his three children. By this provision Mrs. Marksbury, along with the other children, was devised an absolute estate, but the testator did not stop there. After providing that the amount due on the note which he held against her husband, I. G. Marksbury, should be taken out of Mrs. Marksbury's part, he added: "Her hold the note agince him and a home bought for Lizzie Marksbury and deeded too her her life time and at her death to go too her bodly heirs." It may be doubted if what the testator said was admissible, but it cannot be doubted that there is such ambiguity in the will as to permit the court to look to the facts in order that it may put itself in the situation of the testator and thus consider the language of the will in the light of the circumstances, such as the testator's purpose in making the will, the nature and extent of his property, the situation of the devisees and their relations with the testator, in order to determine what the testator intended. Williams v. Williams, 182 Ky. 738, 207 S. W. 468. The testator did

not provide that Mrs. Marksbury should have only a life estate in her husband's note, which he charged against her share, nor did he provide that all her share should be invested in a home. He merely provided that a home should be bought for her and deeded to her for her lifetime, and on her death to her bodily heirs. In short the only limitation on the absolute estate theretofore devised is the provision for a home, and it will not be given any greater effect than its language plainly requires. It is admitted that Mrs. Marksbury's share in the estate, after charging her with the balance due on her husband's note, is about $8,000. As her husband was not employed at the time the will was written, it is not to be presumed that the testator intended that all this sum should be invested in a home, and that she should have nothing else to live on. On the contrary, we conclude that the testator intended that the home purchased for her should be suitable to her station in life, and commensurate with her share of the estate, and that the chancellor did not err in fixing the purchase price of the home at $3,000, and in further adjudging that Mrs. Marksbury was entitled to an absolute estate in the remainder of her share.

Judgment affirmed.