BOLIN, Justice
(concurring specially).
I concur in the main opinion and the result reached therein, given the facts involved in this proceeding and the posture in which the appeal comes before this Court. However, as a former probate judge and for the possible benefit of the bench and bar in like matters, I write specially to propose a potentially alternative method of providing personal-representative compensation for successfully prosecuting wrongful-death actions separate and apart from the estate duties of the personal representative.
As the main opinion reflects, §§ 6-5-410 and 43-2-848(a) and (b), Ala.Code 1975, taken in collective isolation and construed in pari materia, do not allow a personal representative the right to be reasonably compensated from the proceeds of a wrongful-death recovery for services rendered by that personal representative in aiding in that recovery for the benefit of the decedent’s next of kin. Although, as stated, I believe the main opinion reaches the correct result in this case, I write specially because such a result is so unfair and inequitable to the personal representative that I can only surmise that it is the function of a legislative oversight. Although my discussion below centers not on an argument submitted to the circuit court, I nonetheless believe it to be an alternative basis that would ameliorate the unjust result of proceedings such as this one.
Looking only to personal-representative compensation under the Probate Procedure Act, § 43-2-830 et seq., Ala. Code 1975, in effect allows the law to impose an uncompensable mandate upon the personal representative to perform a function with a beneficent societal purpose, i.e., the protection of human life and the prevention of homicides by wrongful act, omission or negligence of others, Mattison v. Kirk, 497 So.2d 120 (Ala.1986), through the prosecution of a wrongful-death cause of action. In wrongful-death actions, the personal representative is statutorily designated as the proper party to act as a quasi-trustee for the benefit of the decedent’s next of kin, and to obtain for such heirs a monetary res without any mention of or provision for receiving any compensation for carrying out this duty — all the while being charged with properly prosecuting the wrongful-death action, obtaining an accurate identification of the heirs at law of the decedent, and effectuating a correct proportionate ascertainment and distribution of the money recovered for them. Again, although the avenue for relief set out below was not argued by the parties before the circuit court or raised as an issue on appeal, I submit that the inequity imposed upon the personal representative herein may not have to exist in the future, as there is a remedy already existent under trust law that would lie to prevent such an injustice.
Justice Murdock has explained the role of a personal representative in the context of a wrongful-death action:
“This Court has long recognized that,
*1045 “ ‘[i]n prosecuting [wrongful-death] actions, the personal representative does not act strictly in his capacity as administrator of the estate of his decedent, because he is not proceeding to reduce to possession the estate of his decedent, but rather he is asserting a right arising after his death, and because the damages recovered are not subject to the payment of the debts or liabilities of the decedent. He acts rather as an agent of legislative appointment for the effectuation of the legislative policy.... ’
“Hatas v. Partin, 278 Ala. 65, 68, 175 So.2d 759, 761 (1965); see also Steele [v. Steele ], 623 So.2d [1140] at 1141 [ (Ala.1998) ] (noting that the ‘personal representative ... act[s] as agent by legislative appointment for the effectuation of a legislative policy of the prevention of homicides through the deterrent value of the infliction of punitive damages’). ‘Upon a recovery, [the personal representative] acts as a quasi trustee for those who are entitled thereto under the statute of distribution. Such damages are not subject to administration and do not become part of the deceased’s estate.’ United States Fid. & Guar. Co. v. Birmingham Oxygen Serv., Inc., 290 Ala. 149, 155, 274 So.2d 615, 621 (1978).”
Ex parte Taylor, 93 So.3d 118, 119 (Ala.2012) (Murdock, J., concurring specially).
Consistent with the personal representative’s role as described in Ex parte Taylor, supra, the Restatement of Trusts recognizes a statutory trust that “may be created by statute without a manifestation of intention on the part of any person as settlor. Thus, in some States a trust is created by giving a statutory right of action for death by wrongful act to an executor, administrator or other person.” Restatement (Second) Trusts § 23 cmt. c (1959). “If by statute a right of action not possessed by a decedent is conferred upon his executor and the sum recovered by enforcing such right of action does not become a part of the assets of the decedent’s estate, the executor holds such right of action as trustee and not as executor.” Restatement (Second) Trusts § 6 cmt. h (1959). The terms of a statutory trust “ ‘are either set forth in the statute or are supplied by the default rules of general trust law.’ ” Awakuni v. Awana, 115 Haw. 126, 135 n. 8, 165 P.3d 1027, 1036 n. 8 (2007) (quoting the Restatement (Third) of Trusts § 4 cmt. g (2012)). In determining that a statutory trustee was entitled to “fair compensation” for his service in managing a statutory trust, the court in Bissell v. Butterworth, 97 Conn. 605, 615-16, 118 A. 50, 54 (1922), explained:
“For it is a general principle of law, long prevailing in this and nearly all of the United States, that a trustee is entitled to be reimbursed for all costs which he properly incurs in the execution of a trust, and to fair compensation for his time and trouble in managing the trust fund and performing the duties of an office he has undertaken for the benefit of others; and it is immaterial that no express provision for such charges and expenses has been made by the creator of the trust. Kendall v. N.E. Carpet Co., 13 Conn. 383 [(1840)]; Clark v. Platt, 30 Conn. 282 [ (1861) ]; 3 Pomeroy’s Eg. Jur. (4th Ed.) §§ 1084, 1085; 2 Perry on Trusts (6th Ed.) §§ 910, 912, 918; 39 Cyc. 480; Lewin on Trusts (12th Ed.) §§ 785-788; Schriver v. Frommel, 183 Ky. 597, 210 S.W. 165 [ (1919) ]. Justice Story has said: ‘Nor can any one expect any trustee to devote his time and services to a very watchful care of the interests of others when there is no remuneration for his services, and there must often be a positive loss to himself in withdrawing from his *1046 own concerns some of his own valuable time.... The policy of the law ought to be such as to induce honorable men, without a sacrifice of their private interests, to accept the office, and to take away the temptation to abuse the trust for mere selfish purposes, as the only indemnity for services of an important and anxious character.’ 3 Story’s Eg. Jur. (14th Ed.) § 1676, note, p. 312.”
Based on the foregoing, I conclude that Alabama’s wrongful-death statute, § 6-5-410, Ala.Code 1975, creates a “statutory trust” in that it gives both the capacity and the right, and indeed even the obligation should a wrongful-death cause of action exist, solely to a decedent’s personal representative to bring a wrongful-death action on behalf of the decedent’s next of kin based on the death of the decedent by wrongful act. Although nothing in § 6-5-410 provides for a fair compensation to be paid to the personal representative for bringing such an action, neither does anything expressly prohibit a fair compensation from being paid to a personal representative who has successfully brought a wrongful-death action pursuant to that section, payable from the proceeds resulting therefrom. Thus, I submit that general rules of trust law should govern personal-representative compensation in wrongful-death actions, and either based upon equitable principles or pursuant to § 19-3B-708, Ala.Code 1975, the personal representative/quasi-trustee should be allowed to receive compensation for services relative to the non-probate administration of a statutory trust. Ex parte Taylor, 93 So.3d at 118 (Murdock, J., concurring specially and stating that the personal representative acts as a quasi-trustee upon recovery in a wrongful-death action).
Section 43-2-848, Ala.Code 1975, concerns payment of a personal representative for services rendered on behalf of the decedent’s estate, to be determined by the court handling the administration of the decedent’s estate. This section has no applicability to a cause of action that accrues only upon the decedent’s death by wrongful act. Allowing proper compensation for the personal representative to be determined by the circuit court handling the wrongful-death action, in which a non-probate “trust res” may be created, would neither defile nor interfere with “normal and customary” personal-representative compensation awarded under the Probate Procedure Act for services performed in administering an estate.
Although I concur with the main opinion, I posit that the unjust result obtained for the personal representative in this case may well be avoided prospectively on the basis of the finding of a statutory trust in successful wrongful-death actions brought by the personal representative, with reasonable and just compensation being fixed as trustee fees and paid from the trust res in those actions.