## Fernandez, et al. v. Martin.

(Decided October 29, 1920.)

## Appeal from Henry Circuit Court.

1. Wills—Attempted Gift Over.—Where the testator's personalty is given to his widow with unlimited power of disposition and his daughters are devised whatever, if anything, is left at her death the widow takes absolute title and the attempted gift over is void.

2. Wills—When Gift Over Valid.—But where, by the holographic will of an uneducated testator, the real estate is devised to her "in fee simple except" that she can sell same only for reinvestment in other real estate and only so long as she remains testator's widow, and whatever thereof is left at her death is devised to testator's daughters, the widow takes only a life estate therein and the gift over to the daughters is valid.

3. Wills—"In Fee Simple"—Construction.—What the testator meant by what he said is his will, and where he has carefully and intelligently explained in detail what he meant by the use of the term "in fee simple" and exceptions thereto, such meaning rather than the technical meaning must be adopted in construing his will.

CHARLES CARROLL for appellants.

W. B. MOODY and EDWARDS, OGDEN & PEAK for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellants are the two daughters and appellee is the widow of C. R. Martin, deceased.

The only question involved is whether the widow under the will of the decedent received his personal and real estate exclusive of specific bequests in fee or for life only with remainder to the two daughters.

The will in so far as pertinent is as follows:

"1st. I give devise and bequeath to my wife Annie Martin all my personal property also all of my real estate all notes accounts money, I wont to be understood to give to my wife Annie Martin everything of, any value I possess at the time of my death Except herein provided. The real estate I give to Annie Martin in fee simple, With absolute right & Title with privilege to sell and convey any or all of it Except I direct that if any of the real estate be sold that the money thus obtained shall be reinvested in real estate. Annie Martin priviledge to sell and convey any of the real estate shall be void after her marriage.

"2nd. I give, devise and bequeath out of the amount above given to my wife Annie Martin Three Hundred Dollars to Lunah Garriott at my death or as soon there after as this money can be collected from the Ill Life Ins Co I all so give devise bequeath to my dawter Beulah Fernandez Three Hundred Dollars to be give out of the amount above given to my wife this to be give as soon after my death as can conveintly be collected and paid this being her part in my Ill, life Policy, I all so direct out of the amount above given my wife that she use a sufficient amount to erect a sutable monument over my remains. If any sue to brake this will they shall have no part in it I all so direct out of the amount above given my wife that my burial expenses and all my just dets be paid, After the death of my widow Annie Martin out of the amount of the estate there is left I will and bequeath an Equal division of all there is left between Luna Garriott and Beulah Fernandez But if either Luna Garriott or Beulah Fernandez be ded or die without bodily heirs the what would have been her part given I give to the survivors Amount and bequest given to Luna Garriott and Beulah Fernandez must be free from the control of the Husband of Either Luna Garriott or the Husband of Beulah Fernandez."

Disregarding the references in the second clause to the specific bequests to his daughters of $300.00 each which have been paid to them and such matters as pertain only to the orderly administration of the estate, which are unimportant, it is at once apparent that by this clause the testator attempted to confer upon his two daughters whatever of his estate remained at the death of the widow. This intention is expressed very clearly, but it is a devise over and valid only if consistent with the first estate vested in the widow by the first clause but void if inconsistent therewith. In other words, if the widow is given the fee in the first clause the testator thereby exhausted his power of disposition, and the attempted gift over to his daughters can not be reconciled therewith and is void; but if he only gave his widow a life estate, the gift over to the daughters is consistent therewith and valid. Barth v. Barth, 18 Ky. Law Rep. 840; Clay v. Chenault, 108 Ky. 77; Galloway v. Durham, 118 Ky. 544; Commonwealth v. Stoll, 132 Ky. 237; Becker v. Roth, 132 Ky. 429; Angel v. Wood 153 Ky. 197; Anderson v. Hall, 80 Ky. 91; McClelland's Executors v. McClelland, 132 Ky. 284; Johnson v. Powell, 160 Ky. 591; Mason v. Tuell, 161

Ky. 392; O'Bryan v. England, 173 Ky. 12; Browning v. Ashbrook's Executor, 175 Ky. 755; Knost v. Knost, 178 Ky. 267.

Hence the construction of this will as a whole, as all wills must be construed, depends primarily, and the validity of the devise over to the daughters depends solely, upon the estate vested in the widow by the first clause.

The fact that testator went to the trouble to make a devise over in the second clause may or may not be of importance in construing the first clause, depending upon whether or not his intention as expressed therein is clear. If not there made clear, resort may be had to other portions of his will to elucidate what he meant by what he said in that clause. But if by the first clause he clearly intended to give his widow the fee, then the fact he attempted a gift over is unimportant since it manifests only testator's ignorance of the law.

There is therefore no room here for the application of the rule favoring vested fee simple estates, upon which appellees rely in part, since if there is ambiguity in the first clause it must be harmonized with the gift over in the second clause in order to effectuate the testator's intention as gathered from the four corners of his will.

As we read the first clause there is a radical difference in the character of the estate given the widow in the personal and that given to her in the real estate. And although the term "fee simple" is used with reference to the realty, we are of the opinion that the widow was given the personalty absolutely, but only a life estate in the realty.

The testator starts out by giving all of his property both real and personal to his wife. He then says in explanation of what he means thereby, that he wants to be understood as giving his wife everything of value he owned at death "except herein provided." He then makes a special provision with reference to his real estate to whcih we shall revert later. The "except herein provided" is a part of the terms of the gift to the widow of "everything of any value I possess" at death, and necessarily applies alike to testator's personal and real property.

There is however in the first clause of the will no limitation upon the widow's absolute title to the personalty. Nor is there any such limitation in the second clause or elsewhere in the will, except as to the special

bequests and costs of administration, unless in the attempted gift over to the daughters which reads: "After the death of my widow, Annie Martin, out of the amount of the estate there is left I will and bequeath an equal. division of all there is left between" the two daughters.

So far as the personalty is concerned this certainly means that only what is not used or disposed of by the widow, if anything, shall be divided between his daughters. There is therefore no restriction whatever upon the right and power of the widow to use or dispose of the personalty given to her as and when she sees fit, except as to the portions above indicated, and she took not a life estate therein but an absolute title thereto.

But as to the real estate the widow's power of sale is narrowly limited and her right to use the corpus of that portion of the estate expressly denied in the one clause, in fact a single sentence, by which same is devised to her "in fee simple . . . except, etc."

By this clause alone, the fact is demonstrated that while testator was ignorant of the meaning of the technical term "in fee simple" he knew exactly what rights and powers, that is, the character of estate, he intended to bestow upon his widow.

The will is wholly in the handwriting of the testator; its spelling, punctuation and everything about it betrays the fact that he was lacking in literary graces and without accurate conception of the meaning of some of the words he nevertheless felt impelled to use in such an important matter as the preparation of his will; but despite these handicaps he has succeeded far better in making his intentions clear by what he said than have many experts in similar efforts.

Surely no one can doubt that he meant by the provision just quoted that his wife could sell and convey the realty only for reinvestment of the proceeds in other real estate; and only so long as she remained his widow despite his use of the term "in fee simple." He evidently realized that he did not understand just what "in fee simple" meant in law and for that reason explained in detail just what he meant by his use of the term. His explanation is not of course its technical meaning, but clearly what he meant by its use; and what a testator meant by what he said is his will. But even if it were doubtful whether he meant, by what he said in the first clause of the will, to give his wife the fee or a life estate in his real estate, that doubt would have to be resolved

in favor of a life estate only upon a consideration of the entire instrument in order to make the two clauses harmonize with each other, as must be done if it can be done consistently.

We therefore conclude that the widow took the personalty absolutely but the real estate only for life with remainder to the daughters.

Wherefore the judgment is reversed with directions to overrule the demurrer to appellee's petition and for proceedings consistent herewith.