### Linder, et al. v. Llewellyn's Admr., et al.

(Decided February 4, 1921.)

Appeal from Fayette Circuit Court.

1. Wills—Limitation Over.—Where there is an absolute devise of the whole estate, a limitation over by way of remainder of the undisposed of estate, is void.

2.   Wills—Intention of Testator.—Testator's intention as gathered
     from what is written in the will as an entirety, will control
     where the intention so gathered does not conflict with some posi-
     tive rule of law.

GEORGE C. WEBB and R. H. COLBERT for appellants.

SHELBY, NORTHCUTT & SHELBY and CHESTER D. ADAMS
for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Reversing on
original appeal and affirming on cross appeal.

This appeal brings in review the proper construction
of the following will:

"I, Joseph H. Lllewellyn, of Lexington, Fayette
county, Kentucky, do make and declare this my last will
and testament.

"I direct the prompt payment of my just debts and
funeral expenses.

"I give and devise all of my property of every kind,
real and personal, to my beloved wife, Emma H. Llew-
ellyn, and whatever property may be remaining at her
death, I wish the same equally divided between the chil-
dren of my brother and sister, viz.: David H. Llewellyn
and Mrs. Dovey M. Danks.

"I appoint my wife, Emma H. Llewellyn, executrix
of this will and require no security from her.

"Given under my hand this September 11, 1915.

                              "JOSEPH H. LLEWELLYN.

"Signed in presence of
"Proviso—

"Providing for Mrs. Lucille Whittmore to have from
three to five hundred dollars.

                              "JOSEPH H. LLEWELLYN.

"Jessie B. Long,
"Madge S. Atchison, March 31, 1916."

Joseph H. Llewellyn died in April, 1916, and his will
was duly admitted to probate in that month. Testator
left no children nor the descendants of any, but left
surviving him a wife, Emma H. Llewellyn, and certain
descendants of a deceased brother and of a deceased
sister.

Emma H. Llewellyn, who qualified as executrix of the
will, died in November, 1916, leaving surviving her a

sister, a brother and the descendants of a deceased brother. Due administration was granted upon the estates of both Joseph H. Llewellyn and his wife.

Joseph H. Llewellyn died seized of two pieces of real estate and some personalty; a portion of the latter was disposed of by his widow.

The question for decision is: Did testator give to his wife a fee in the property mentioned, or merely a life estate therein, with the power of disposition?

The heirs of testator claim the widow took only a life estate in the property, and the part remaining undisposed of at her death passed to them as devisees in remainder under the provisions of the will, and this was the view taken by the chancellor.

It is the contention of Mrs. Llewellyn's heirs, that the widow took a fee simple in the property and hence they are entitled to same.

Certain of the appellees have prayed a cross appeal from so much of the judgment as adjudges the testator's widow had, under the will, the full power of disposal of the whole or any portion of the devised estate.

Where there is an absolute devise of the whole estate (which carries with it the power of unlimited disposition), a limitation over by way of remainder of the undisposed of estate is void. On the other hand, where a life estate is devised, with power of disposition, a limitation over of the property remaining undisposed of at the death of the first taker is valid.

A limitation over of the remainder after the gift of the fee is void as being inconsistent with the estate granted.

The words of the will, "I give and devise all of my property of every kind, real and personal, to my beloved wife, Emma H. Llewellyn," clearly import an intention to convey to her an absolute estate in testator's property, and are sufficient to pass a fee simple title thereto. This being true, any attempted limitation over must be held void.

Appellees rely upon a line of cases of which Commonwealth v. Manuel, Exor., 187 Ky. 48, 208 S. W. 327, is an example. The will construed in that case contained eight clauses and, to use the language of the court, "is so inaptly worded and arranged as to leave in doubt what the testator intended by what he said."

When resort was had to the circumstances surrounding the testator at the time the will was written, the court said this doubt was removed. It is stated in the opinion that two girls reared by testator and his wife. were closer and dearer to him than any others, with the exception of his wife, and they were the persons that might reasonably and naturally be expected he would desire as the beneficiaries of his estate after his wife's death. On the other hand, the relations between testator and his wife and the heirs-at-law (the adverse parties on the appeal), were never intimate or cordial. In the present record, there is an entire absence of circumstances such as confronted the court in the case, *supra*.

Great stress is placed by counsel on the statement in the Manuel case, that the most prominent and controlling rule in the construction of wills is that the testator's intention, as gathered from what is written in the whole instrument, is controlling where the intention so gathered does not conflict with some rule of law.

Judging the intention of Joseph H. Llewellyn by what he said, that is as gathered from the meaning of the words employed by him in his will, and this is the consideration that must control us, but one conclusion can be reached, namely, that his wife was given the fee to the property mentioned. A contrary construction would violate the very rule contended for by appellee as expressed in the Manuel case, since there can be no limitation over of what estate remains undisposed of where there has been a prior absolute devise of the entire estate.

The language of the will cannot be construed as indicative of an intention to give to testator's widow only a life estate. It will be noted that the attempted limitation over was not of the entire estate devised to his wife, but only of that part remaining at her death.

It may be said that to construe the will as giving to the widow a fee in the devised property, will defeat the intention of testator. While we do not believe a different conclusion from that reached is justified by the wording of the will, yet this would be true in all cases where a testator undertakes to do that which the law does not permit.

That a remainder cannot be limited after a devise in fee, is well settled in this and many other states. Barth v. Barth, etc., 18 R. 840, 38 S. W. 511; Dulaney,

etc. v. Dulaney, etc., 25 R. 1659, 79 S. W. 195; Nelson, et al. v. Nelson's Exor., 140 Ky. 410, 121 S. W. 187; Plaggenborg, et al. v. Molendyk's Admr., 187 Ky. 509, 219 S. W. 438; Fernandez, et al. v. Martin, 189 Ky. 438, 225 S. W. 27, and note to Moran, et. al. v. Moran's Exor., 106 Mich. 322, 106 N. W. 206, found in 5 L. R. A. (N. S.) 323.

Entertaining the view that Emma H. Llewellyn took a fee simple estate under the terms of her husband's will, the judgment on the cross appeal is affirmed and on the original appeal reversed for further proceedings not inconsistent herewith.