## Snyder, et al. v. Snider, et al.

(Decided March 4, 1924.)

### Appeal from Jefferson Circuit Court (Chancery Branch, First Division).

1. Wills.—Cardinal Rule in Construction is to Ascertain Intention of Testator.—The cardinal rule in interpreting a will is to ascertain the intention of the testator from the language employed in the entire testamentary instrument, and to construe it accordingly, unless to do so would contravene some positive rule of law or of public policy.

2. Wills—Limitation of Absolute Estate by Subsequent Language.— An absolute estate given in one clause or part of a will may be limited by other language subsequently employed therein clearly indicating such intention on the part of the testator; but if the limitation only purports to apply, or, by necessary implication from the language employed, is restricted, to such of the property devised as the absolute taker may leave or not dispose of, the limitation will not be upheld because of its being repugnant to the absolute gift, in view of Ky. Stats., section 2342.

3 Wills—Vesting of Estates Favored, and Fee Deemed Disposed of in Case of Doubt.—It is the policy of the state to favor vesting of estates, in view of Ky. Stats., section 2342; and where doubt arises as to whether the instrument disposed of the fee or a lesser estate, it will be declared that it disposed of the fee.

4. Wills—Wife Held to Take Fee Not Divested by Subsequent Provision.—A will giving to testator's wife "all of my property both

personal and real estate," gave the property in fee, and a provision that at her death "all property belonging to her" should be divided between testator's heirs referred to property undisposed of, and hence did not divest·the wife of a fee.

5. Wills—Husband without Power to Dispose of Wife's Property by Will.—A husband is without power to dispose of his wife's property in his will.

6. Wills—Husband's Will Held Not to Attempt to Dispose of Wife's Property.—A will of husband giving all of his property to his wife, and at her death "all property belonging to her" to be divided among his children, held not to intend to direct the disposition of any property owned by the wife in her own right at the time of the execution of the will.

THOS. C. FISHER and JOHN MANLEY for appellants.

EDWARDS, ODGEN & PEAK for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

By a writing of date February 27, 1923, duly signed by the parties, the appellant, William Snyder, contracted to purchase of the appellee, Annie K. Snider, and the latter to sell to him, at the price of $4,000.00 payable in the manner specifically set forth in the writing, a 25-acre tract of land therein described as "located at Avoca (Jefferson county), Ky., on the Aiken road, with all improvements thereon and known as the Kate Snider farm;" it being further stipulated in the writing that the vendor would convey the vendee by deed of general warranty, with the usual covenants, a marketable title to the land, "such as the Louisville Title Company will insure."

Within the time required by the contract of sale, the appellee executed, duly acknowledged and tendered to the appellant a deed of conveyance to the land in question, which the latter refused to accept, not because it was in form or substance objectionable, but for the reason, as claimed, that it would not vest in him the fee simple title to the land; it being his contention that the appellee, whose title to the land was obtained under the will of her deceased husband, Dr. J. W. Snider, was by that instrument devised only a life estate therein, with remainder to the testator's children equally. Standing upon this contention and his rejection of the deed tendered, the appellant refused to perform the contract of

sale, which led to the institution of this action seeking to compel its specific performance by him, the plaintiffs therein (appellees in this court) being the vendor of the land contracted to be sold, Annie K. Snider, called in the contract of sale, "Kate Snider," and the adult children of herself and deceased husband, together with the wives of such of the males and husbands of such of the females as are married. The only other defendant to the action besides the appellant, William Snyder, was Kenneth Newman Snider, an infant son of the appellee, Annie K. Snider and her deceased husband, who, being under fourteen years of age and without a testamentary or statutory guardian, made his defense by a guardian *ad litem,* duly appointed, through whom he was properly summoned.

The appellant, William Snyder, formally entered his appearance to the action in the court below, and filed a general demurrer to the petition, and, after the filing of a like demurrer thereto by the guardian *ad litem* in behalf of the infant defendant, the case was submitted to the chancellor upon both demurrers and for a decree determining the rights of the parties. The chancellor thereupon held that the appellee, Annie K. Snider, took under the will of her deceased husband, J. W. Snider, an absolute or fee simple title to the land in question, and that the deed tendered by her to the appellant, William Snyder, purchaser of the land from her, would, upon its acceptance by him, invest him with a like title to same. Hence, by the judgment rendered, the demurrers to the petition were each overruled and a specific performance of the contract evidencing the sale of the land by appellee, Annie K. Snider, to the appellant, William Snyder, granted. And from that judgment the latter and the infant, Kenneth Newman Snider, by his guardian *ad litem,* have severally appealed.

As the facts showing the derivation of the appellee Annie K. Snider's title to the land in question under the will of her deceased husband, and the sale of the land by her to the appellant, William Snyder, were properly alleged in the petition, and certified copies of the will and contract of sale referred to were filed with and made parts thereof, it is apparent that the only issue presented for decision in the case, viz.: the judicial construction of such of the provisions of the will of J. W. Snider, deceased, as bear upon the question of title involved, was properly raised by the demurrers to the petition.

The will, which was written by the testator and duly admitted to probate by the Jefferson county court shortly after his death, omitting the signature, is in words and figures as follows:

"Avoca, Ky., Jany. 7, 1921.

"I, Dr. J. W. Snider, being of sound mind and perfectly capable of transacting business, do this day and date will and bequeath to my beloved wife, Annie K. Snider, all of my property, both personal and real estate, located wherever it may be at the time of my death. It is also my wish that my wife, Annie K. Snider, be made executor of my will without bond; and in case the law demands a decree from court, she be appointed guardian of my infant heir, Kenneth Newman Snider, until her death. In case of her death before Kenneth Newman Snider reaches the age of 21 years, my daughter Minnie L. Williams, wife of Clyde T. Williams, be appointed guardian without bond. At the death of my wife, Annie K. Snider, all property belonging to her shall be equally divided between my heirs as follows: Ottie Everett Snider, Minnie L. Snider Williams, Forest Thomas Snider, Mary H. Snider Dawson, Kenneth Newman Snider."

We are asked to ascertain and declare what estate the wife of the testator took in the property, real and personal, devised her by this will, whether the fee or merely a life estate. The cardinal rule to be observed in interpreting a will is to ascertain the intention of the testator from the language employed in the entire testamentary instrument and to construe it accordingly, unless to do so would contravene some positive rule of law, or of public policy. And while an absolute estate given in one clause or part of a will may, by other language subsequently employed therein clearly indicating such intention on the part of the testator, limit the estate so given; but if the limitation only purports to apply, or, by necessary implication from the language employed, is restricted to such of the property devised as the absolute taker might leave or not dispose of, in such case the limitation will not apply, or be upheld, because of its being repugnant to the absolute gift.

That it is the policy of this state to favor the vesting of estates, is clearly shown by a declaration from its General Assembly to that effect, found in section 2342, Kentucky Statutes, which provides:

"Unless a different purpose appear by express words or necessary inference, every estate in land created by deed or will without words of inheritance, shall be deemed a fee simple or such other estate as the grantor or testator had power to dispose of."

This court has long adhered to the policy thus announced, and time and again held· that where, in construing a deed or· will, doubt arises as to whether the instrument disposed of the fee or a lesser estate, it would be declared that it disposed of the fee. The following language found in the will here involved (omitting description of the real estate) contains all that is therein said with respect to the testator's estate and the disposition made of it:

"I, Dr. J. W. Snider, . . . do this day and date *will and bequeath to my beloved wife, Annie K. Snider, all of my property both personal and real estate located wherever it may be at the time of my ·death.* . . . *At the death of my wife, Annie K. Snider, all property belonging to her shall be equally divided between my heirs as follows*: *Ottie Everett Snider, Minnie L. Snider Williams, Forest Thomas Snider, Mary E. Snider Dawson, Kenneth Newman Snider.*"

Manifestly the devise made in the beginning of the will of all of the testator's property to his wife, is unqualified and absolute, and such being its character, it invests her with the fee simple title to the property devised; which, even in the absence of words to that effect, by necessary implication or inference also invests her with the unlimited power to sell or otherwise dispose of the property. Nor do we think the language later employed in the will, viz.: "At the death of my wife, Annie K. Snider, all property belonging to her shall be equally divided between my heirs," etc., restrict or limit the fee previously given the wife by the will, to a life estate. On the contrary, its language more reasonably conveys the meaning that such of the estate devised the wife of the testator by the will as may not be disposed of by her during her life, or may remain at her death, shall go to

his children as thereby directed; and, if such is its meaning, it does not divest the wife of the fee.

Whether the wife of the testator owned any property in her own right at the time of the execution of the husband's will, is not disclosed by the record. But if she did, he was without power to dispose of it by his will; hence it will not be presumed that by the use of the words directing that at the death of the wife, "All property belonging to her" be divided among his children, he meant to include any property of hers not received under the will. So the direction as to the disposition of the property at the wife's death was intended to apply to property devised her by the will and obviously not to the property thereby obtained as a whole, because the language used does not so declare, but to all, or such of it, as might be undisposed of and belong to her at the time of her death.

Considered in all of its parts, there is nowhere in the will an expression indicating, or from which it fairly may be inferred, that the testator intended to place any restriction whatever upon his wife's right or power as devisee to sell or otherwise dispose of the property devised her by the will. The provision of the will directing the appointment of a guardian for the testator's infant son imposes no such restriction, as the father, whether in contemplation of a possibility of the son's ultimately sharing some part of his estate, or not, might have thought it needful to his welfare during infancy that the mother or sister to be entrusted with his custody be clothed with the legal powers of a guardian, in addition to such authority as might arise out of their relationship to him.

The construction we feel constrained to give the will under consideration is sustained by the following authorities: Weller, et al. v. Dinwiddie, et al., 198 Ky. 360; Plaggenborg v. Molendyke, 187 Ky. 509; Linder v. Llewellen's Admr., et al., 190 Ky. 388; Greenway v. White, 196 Ky. 750; Galloway v. Durham, 118 Ky 544; Clay v. Chenault, 108 Ky. 77, and others that might be cited. Much of what we have said of the will here construed is reinforced by the excerpts quoted below from the opinion in Weller, et al. v. Dinwiddie, et al., *supra*. In that case the holographic will of the testator, after in the second clause devising to his wife all of his real and personal estate, except certain unimproved property which, with $5,-

000.00 in cash, was given to his son, by a subsequent clause provided that at the death of either the wife or son, "the remainder to revert to the living one and at the death of both my wife and son then to my son's child or children share and share alike, if no children then to my sister, Ophilia S. Sumners and my nieces, Sudie O. Weller, Lily M. Martin and Cora J. Shrader, and to my daughter-in-law, Belle Dinwiddie, share and share alike.''

It was held that as the devises of real and personal property made by the second clause of the will to the testator's wife and son gave them the unlimited power of disposition over the property devised them and thereby invested them with the fee, the attempt by the third clause of the will to make a devise or gift over of whatever part of the property the wife and son did not dispose of, was invalid; and in so holding we, in part, said:

"Considering the will in the light of the statute it is clear the second clause standing alone would create a fee; and if the popular meaning of 'what is left' or 'what may remain' is given the word 'remainder' (appearing in the third clause) the same result would obtain, for such words import an unlimited power of disposition in the first takers, which in construed to pass the fee. . . . Ordinarily technical words appearing in an instrument will be considered in their legal sense if nothing to the contrary appears, but in a holographic will written by an ordinary business man we can hardly expect the writer to have knowledge of technical terms. . . . Considering the will in its entirety it is evident that the testator used the word 'remainder' in its popular sense, meaning 'what is left,' and that he did not intend thereby to place any restriction upon the use or disposition of the devises to his widow and son.''

Manifestly the construction given the will by the opinion in the case, *supra,* applies with equal force to the will in the instant case. For by this will the devise made of the testator's property to his wife is in terms also absolute, which invested her with the fee to the property coupled with the unlimited power of disposition over the property. Therefore the attempt subsequently made in the will to devise or make a gift over of such part of the property as may not be disposed of by the wife during

her life, could not deprive her of the fee by converting it into a life estate.

As in our opinion the chancellor correctly construed the will in question, it follows that his judgment requiring the appellant, William Snyder, to perform, according to its terms, the contract whereby he became the purchaser from the appellee, Annie K. Snyder, of the land described in the petition, properly determined the rights of the parties, the judgment is affirmed.