### Sisson, Executrix, v. Sisson, et al.

.(Decided May 12, 1925.)

### Appeal from Graves Circuit Court.

1. Wills—On Devise in Fee, Gift Over of What is Left or Not Disposed of by First Taker is Void, but if Only Life Estate is Given, Limitation Over is Valid.—On devise in fee, gift over of what is left or not disposed of by first taker is void, but if only life estate is given first taker, limitation over is valid.

2. Wills—Devise Held to Give Devisee Life Estate with Privilege of Consuming for Her Support.—Devise to testator's wife to hold in her name and to use as she deemed expedient as long as she lived, with gift over after her death of what remained, if any, gave widow life estate, with privilege to use and consume such portion of corpus as was reasonably necessary for comfortable support and maintenance.

BROOKS & BURNETT for appellant.

SETH T. BOAZ for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

In the year 1921 George Sisson died leaving a widow, Letha Sisson, and two infant children, Mildred Sisson and Norma Sisson. Besides other clauses providing for the payment of his debts and funeral expenses

and the appointment of his wife as executrix, his will is as follows:

> "I give, devise and bequeath to my beloved wife, Letha Sisson, all my property, real and personal, wheresoever it may be, to have and to hold in her name, and to use as she may deem expedient as long as she lives, and at her death whatever part if any remain to go equally to our children."

The testator left personal property consisting of cash, notes and other evidence of indebtedness, besides a half interest in a stock of merchandise. In addition to a tract of one and one-half acres of land, he owned an undivided half interest in two other tracts, one containing 40 acres and the other 21 acres.

Upon her qualification as executrix Mrs. Sisson brought this suit against her two infant children for a construction of the will. The chancellor adjudged that she took only a life estate, with the privilege of using and managing the property, and receiving the entire income and benefits from same during her lifetime, and that upon her death the property passed in equal parts to her children. From that judgment this appeal is prosecuted.

Where an estate is devised in fee, a gift over of what is left or not disposed of by the first taker is void. On the other hand, where only a life estate is given the first taker, the limitation over is valid. Angel v. Wood, 153 Ky. 195, 154 S. W. 1103. Therefore, the pivotal question in every case is, did the first devisee take a fee or life estate? and one of the tests is, was he given the unlimited power of disposition. If this were a case where Mrs. Sisson had been given the property with power to use it as she pleased without any limitation as to time, a different question would be presented. However, the language of the will is "to have and hold in her name and to use as she may deem expedient as long as she lives." The words, "as long as she lives" evince a clear purpose to confine the contemplated use to the period of her lifetime, and therefore fall short of conferring on her the unlimited power of disposition. Wright v. Singleton, 190 Ky. 657, 228 S. W. 38; Sutton v. Johnson, 127 S. W. 747. We are, therefore, of the opinion that Mrs. Sisson did not take a fee. However, we are not disposed to the view that she takes a life estate and nothing more and is entitled only to the income from the property. Not only is she given the power to use the property as she may

deem expedient, but the employment of the words, "if any," in the limitation over of whatever part remains shows very clearly that the testator contemplated that there might not be any property remaining at the death of his wife. We are, therefore, of the opinion that Mrs. Sisson is entitled to use and consume such portion of the corpus of the estate as may be reasonably necessary for her comfortable support and maintenance, and may obtain an order of court authorizing the sale of any portion of the corpus when such necessity arises. Kincaid v. Bell, 205 Ky. 487, 266 S. W. 44. It follows that the judgment restricting her to a mere life estate is erroneous.

Judgment reversed and cause remanded with directions to enter judgment in conformity with this opinion.