## Cox, et al. v. Glass, et al.

(Decided May 18, 1926.)

Appeal from Owen Circuit Court.

Wills—Under Will Devising Life Estate in Farm to Testator's Adopted Daughter and "All Other Property" to His Wife, to whom he also Bequeathed Stated Sum Absolutely, "Remaining Property" at Her Death to go to Adopted Daughter's Children, Wife Took Only Life Estate in Land Devised to Her, and it Passed on Her Death to Adopted Daughter's Children, Not Wife's Devisees.— Under will devising farm to testator's adopted daughter for life, with remainder to her children and "all other property" to his wife, to whom he also bequeathed stated sum absolutely, "all remaining property" at her death to go to adopted daughter's children, wife took only life estate in land devised to her, and on her death, it passed to adopted daughter's children, not to devisees under wife's will.

J. W. CAMMACK and A. B. CAMMACK for appellants.

H. W. ALEXANDER for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Affirming.

This appeal involves the title to about 229 acres of land under the will of A. T. Tucker, who died childless in September, 1910, leaving surviving him his wife, E. E. Tucker. Many years before his death he and his wife, who had no children, took into their home and reared Willetta Glass when she was quite young. She grew to womanhood in their home and was there married. She and her husband went to housekeeping on the 121 acres of land devised to her by the first clause of the will. When the will was made they were still living there and had three children. The testator owned in fee about 350 acres of land, including the 121 acre tract. After his death his widow, E. E. Tucker, died leaving a will by which she devised all her property to her kindred. Her devisees brought this action against Willetta Glass and her children, praying that they as the devisees of Mrs.

Tucker be adjudged the owners of all the land except the 121 acres. The circuit court dismissed their petition and adjudged the land to Willetta Glass and her children under the husband's will. Mrs. Tucker's devisees appeal. His will is in these words:

"1st. I herein bequeath unto Willetta Glass 121 acres of land known as the Neal Wood farm to be hers during her natural life. At her death the above land to be divided equally between her children not subjected to any debts that have been or may be contracted.

"2nd. To my beloved wife, E. E. Tucker, I herein will and bequeath all other property, both real and personal, remaining at my death, after my debts have been paid (if there should be any debts). But I herein bequeath to my wife $1,200.00 (twelve hundred dollars) absolutely, that being the amount that I received through her, and request that she collect that amount out of any personal property that may be in her hands, then at her death all remaining property, both real and personal, to go to the heirs of Willetta Glass (I mean her children), and I further request and make her executrix of this my will and that without bond."

There is no dispute as to the 121 acres. The only dispute is as to whether the remainder of the land is devised to Mrs. Tucker in fee or only for life. It will be observed that the will is not expressed in legal terms. But it is plain from the will that he bequeathed to his wife $1,200.00 absolutely and this clause is entirely without effect if he intended by the other words of the same clause to give his wife absolutely the remainder of his real and personal estate. Omitting the parenthetical clause, the devise as to the remainder of the estate is in these words: "I will and bequeath all other property, both real and personal, remaining at my death to my beloved wife E. E. Tucker, then at her death all remaining property, both real and personal, to go to the heirs of Willetta Glass, I mean her children." He plainly intended her only to have the property until her death; for at her death all the remaining property is to go to the children of Willetta Glass. The fact that he did devise to her absolutely in the same connection $1,200.00 puts his intention beyond doubt. Angel v. Wood, 153

Ky. 197; Todd v. Todd, 155 Ky. 209; Knost v. Knost, 178 Ky. 267; Fernandez v. Martin, 189 Ky. 439; Greenway v. White, 196 Ky. 745; Ewering v. Ewering, 199 Ky. 450; Reeves v. Tomlin, 213 Ky. 547.

Judgment affirmed.