## Whicker et al. v. Strong et al.

(Decided Feb. 22, 1935.)

136

J. R. LLEWELLYN for appellants.

A. T. W. MANNING for appellees.

OPINION OF THE COURT BY JUDGE PERRY—Affirming.

This appeal presents to us for review the proper construction of the following clause of the will of Sarah J. Strong:

"I give and bequeath to my beloved husband, Alexander [Bud] Strong, all my real estate composing of all the land which I now own.

"I also give and bequeath to my husband, Alexander [Bud] Strong, all of my personal and mixed property that can be found.

"Lastly I further bequeath that if my husband at his death has any of the property Real and Personal which I have willed him then said property shall go to Elby Whicker for taking care of my husband and myself in our old days."

Sarah J. Strong died on February 18, 1934, the day next following the death of her husband, Alexander (Bud) Strong, named in her will as the devisee of her entire estate.

The appellee A. J. Strong is the son of the deceased Bud Strong by a former marriage. He brought this suit in equity, following the probating of this will, as Bud Strong's only heir at law, against Dan Wilson, the administrator of the estate, and the appellant Elby Whicker, claiming that his father, Bud Strong, as first taker under the will, took a fee-simple title in the property devised him, with the result that the limitation over to Whicker of the part thereof remaining at his death was void.

The chancellor construed the will in harmony with

the appellee's contention, holding that by its quoted clause Bud Strong was given a fee-simple title in the property, which, at his death prior to that of testatrix, passed by virtue of section 4841, Kentucky Statutes, to plaintiff as his heir at law, and that the attempted limitation over to Whicker of the estate remaining at his death was void.

Whicker, questioning the propriety of such construction of the will, has appealed, insisting that, under a proper construction of it, Bud Strong should be held to take only a life estate in the property, with the right to consume such part thereof as was required for his reasonable maintenance, thus making effective the remainder right devised him under the limitation over to such part of the property as remained unconsumed at the time of Strong's death.

There is thus presented for our review by these conflicting claims but the one question, which is, What is the proper construction of Sarah Strong's will?

This question, we take it, may be considered as now well settled, by reason of our many decisions of it made in the numerous cases presented, wherein we have been repeatedly called upon to determine it. Out of these repeated adjudications there have been evolved two controlling principles, the one summarized in the statement of the rule that "the pivotal question in every case is, Did the first devisee take a fee or life estate? and one of the tests is, Was he given the unlimited power of disposition?" Sisson v. Sisson, 208 Ky. 843, 272 S. W. 15.

"The second principle, common to all cases of will construction, is that the intention of the testator as gathered from the will as a whole and from the language employed by the testator in writing it is to control, regardless of collateral and subsidiary rules which may be employed in arriving at such intention when its expression is obscure." Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50, 51; Linder v. Llewellyn's Adm'r, 190 Ky. 388, 227 S. W. 463, 464.

The parties, conceding that such are the established criteria by which their rights under the will are to be measured, are here in apparent agreement that where an estate is devised in fee, a gift over of what is left or not disposed of by the first taker is void. Lightfoot

v. Beard, 230 Ky. 488, 20 S. W. (2d) 90; Ewering v. Ewering, 199 Ky. 450, 251 S. W. 645; Greenway v. White, 196 Ky. 750, 246 S. W. 137, 32 A. L. R. 1385; Snyder et al. v. Snider, 202 Ky. 321, 259 S. W. 700, 701; Wells v. Jewell, 232 Ky. 93, 22 S. W. (2d) 414; Plaggenborg v. Molendyk's Adm'r, 187 Ky. 509, 219 S. W. 438; Nelson v. Nelson, 140 Ky. 410, 131 S. W. 187. On the other hand, where such unlimited power of disposition, not only as to inter vivos conveyance but also as to testamentary disposition, is not given, there passes to the first taker, not a fee but only a life estate, of which a limitation over of what is left of the property at taker's death may be devised another. Angel v. Wood, 153 Ky. 195, 154 S. W. 1103, 1104; Cox v. Glass, 214 Ky. 600, 283 S. W. 943; Knost v. Knost, 178 Ky. 267, 198 S. W. 917; Spicer v. Spicer, 177 Ky. 400, 197 S. W. 959, 960; Sisson v. Sisson, supra.

Applying these two principles to the determination of the question presented in the instant case, as to whether an estate in fee or one only for life was devised by the testatrix to her husband, we find that she, under the wording of the involved clause of her will, devised her husband all her property, real, personal, and mixed. No express words are used by her to impose any limitation or restriction upon the devisee Strong's power to dispose of the property devised him as he might desire, either by inter vivos conveyance or by will. The rule in such case, where the power of disposition is absolute, is, as announced in the cases supra, that the devisee invested with such absolute right of disposition over the property, which are the attributes of a fee, takes a fee. From this it follows that the here attempted limitation over or devise of which remains or is left undisposed of upon the death of the taker of the fee is void. Wintuska v. Peart, supra.

This rule was applied in the analogous case of Snyder v. Snider, supra, where the testator by his will devised to his wife all of his property, both personal and real estate, with an attempted limitation over that "at the death of my wife, Annie K. Snider, all property belonging to her shall be equally divided between my heirs. * * *"

There, in considering whether the testator by the language employed had conveyed an estate in fee or

one only for life to his wife, rendering the attempted limitation over to his heirs void or valid, according to the determination made of such question, in construing this language, we said: ''Manifestly the devise made in the beginning of the will of all of the testator's property to his wife, is unqualified and absolute, and, such being its character, it invests her with the fee-simple title to the property devised; which, *even in the absence of words to that effect,* by necessary implication or inference also invests her with the unlimited power to sell or otherwise dispose of the property.'' (Italics ours.)

Also, when looking to the question that such construction of the wording of the will was in harmony with the testator's evident intention, thereby ascertainable, to give an estate in fee rather than for life to his wife, it is further in the opinion said:

''There is nowhere in the will an expression indicating, or from which it fairly may be inferred, that the testator intended to place any restriction whatever upon his wife's right or power as devisee to sell or otherwise dispose of the property devised her by the will.''

And again in the case of Linder v. Llewellwyn's Adm'r, supra, where the devising words of a similar will were, ''I give and devise all of my propery of every kind, real and personal, to my beloved wife, Emma H. Llewellwyn,'' we held that they *clearly imparted an intention by the testator* to convey an absolute estate in his property and was sufficient to pass the fee-simple title thereto, which being true, the attempted limitation over, providing that ''whatever property may be remaining at her death, I wish the same equally divided between the children of my brother and sister * * *,'' should be held void. To like effect, too, see Lightfoot v. Beard, supra; 69 C. J., pp. 457-460, secs. 1520, 1521.

Manifestly these principles, applied in the construction given by us in such devises presented in these very similar wills in the above-cited and many other cases, which might be cited, are of equally persuasive and controlling force in directing our determination of the like question here before us. We are therefore led to conclude, when applying them to the interpreta-

tion of the will before us, that the learned chancellor rightly adjudged that the testatrix had by the language employed in her will devised her estate in fee to her husband, Bud Strong, which upon his death descended to his son, the appellee, with the result that the limitation over of the remainder interest therein to appellant was for such reason void.

The judgment, in so holding and also in directing that the case be continued for further pleadings and proof, in support of appellant's claim for services rendered and recognized in the will as owing, is therefore affirmed.