## Brinley v. Brinley's Administrator et al.

(Decided Dec. 13, 1935.)

WILLIAM A. EARL for appellant.

CHARLES R. SCHRAM for appellee administrator.

M. D. ELSTON for all other appellees.

OPINION OF THE COURT BY MORRIS, COMMISSIONER—Reversing.

The question involved is the construction of the will of Berlean Brinley, who died a resident of Louisville on August 10, 1932. The document named appellant Joseph Brinley, testator's brother, executor of the will, but he was a nonresident. Upon probate of the will on August 19, 1932, appellee qualified.

On March 4, 1935, appellant filed his petition in equity in which he alleged that although he had repeatedly demanded settlement of his deceased brother's estate none had been made, and he asked the court to require a final settlement.

Appellee administrator with the will annexed, filed answer and cross-petition, in the responsive portion of which he denied the allegations of the petition; in so far as deemed necessary, and alleged that there came to his hands certain notes, moneys, stocks, and bonds which were in process of collection and liquidation; adjustment or settlement of the stocks and bonds being made through committees. In his cross-petition, which calls in the appellant's two children, and nieces and nephews of decedent, after setting out the will of testator, he expresses doubt as to its meaning, taking the position that under the will appellant takes only a life estate, as opposed to the idea of appellant that the property devised came to him absolutely.

Appellee administrator called upon the court to construe the will so that he might be properly guided in his representative rights and duties. The appellant filed general demurrer to the answer and cross-petition, which the court overruled, and upon submission of the case adjudged that appellant took only a life estate, and further authorized appellee to qualify as trustee in the county court. Appellant objected and excepted to this order, prayed and was granted an appeal.

The first clause of testator's will provided for the payment of debts and funeral expenses by his administrator; the third clause located (without describing) his real property. The clauses of the will which have bearing on a proper conclusion as to its meaning and effect are as follows:

"Second: My brother, Joseph Brinley, shall have all my property real and personal remaining after payments named in Article One have been made. * * *

"Fourth: My brother, Joseph Brinley, is appointed administrator without bond and is requested to consult with Stanley Kelly or Emmett Dean or both before making important transactions.

"Fifth: It is my desire for my estate to be used solely for the support of my brother Joseph

Brinley, and his wife, Ella Brinley. Should it be deemed advisable, my real estate can be sold and a suitable home purchased for my brother, Joseph Brinley, and his wife, Ella Brinley.

"Sixth: Should there be any of my estate remaining at the death of my brother, Joseph Brinley, and after his funeral expenses are paid, such remaining part shall be divided equally among Vernya Kelley, Clarence Brinley, Emmett Dean, Wilbur Dean, Elsie Varner, Stanley and Morris Dean."

The contention of appellant is that the second clause of the will gave to appellant the entire estate, real and personal; the fee was not cut down by the expressions evidenced in the subsequent clauses. The contention of appellee is, of course, directly to the contrary; it being urged that by a consideration of the entire document there is sufficient showing to demonstrate that it was the purpose of testator to give only a life estate to appellant, with remainder to the persons named in the sixth clause.

In considering the question, while observing and considering each and every clause of the will, subsequent to the second, it is apparent that the sixth clause is the only one that would in any manner tend to express any limitations whatever. The fifth clause may be brushed aside, because it only expresses a desire for his estate to be used solely for the purpose of support of his brother and his brother's wife, a desire already provided for by the second clause. This clause seems to be in explanation of his reason for making the devise to his brother, for his support and the support of his brother's wife. The portion of the fifth clause, which suggests the sale of the real estate and the purchase of a suitable home for his brother and wife, only gave power which had already been fully given in the second clause (Mann v. Freze, 203 Ky. 739, 263 S. W. 21).

The sixth clause of the will clearly undertakes to dispose of what property, devised to Joseph, might be found to be remaining after Joseph's death. It does not undertake to dispose of any residue of the property owned by testator at his death, but relates only to

"my estate remaining at the death of my brother," which entire estate by the second clause had been devised his brother.

The old rule of construction as applicable to wills, wherein there appeared the question as to whether or not an absolute devise in one clause could be or was limited by a subsequent clause, required us to look only to the clause evidencing the absolute, or claimed absolute, devise. However, the rule now is that the whole will controls in arriving at the testator's intention. Wintuska v. Peart, 237 Ky. 666, 36 S. W. (2d) 50; Linder v. Llewellyn's Adm'r, 190 Ky. 388; 227 S. W. 463; Whicker v. Strong, 258 Ky. 135, 79 S. W. (2d) 388.

Cognizant of that rule we approach the question as to the intention of the testator as evidenced from a consideration of the will as a whole, and in so doing meet with another well-established rule, as expressed in Whicker v. Strong, supra, as follows:

> "Out of * * * repeated adjudications there have been evolved two controlling principles, the one summarized in the statement of the rule that 'the pivotal question in every case is Did the first devisee take a fee or life estate? and one of the tests is, Was he given the unlimited power of disposition?' Sisson v. Sisson, 208 Ky. 843, 272 S. W. 15."

The other rule referred to is the one stated just preceding the above quotation.

The case of Whicker v. Strong, supra, seems to answer questions here presented. There the devise was from husband to wife of all real and personal property. In a subsequent clause it was provided, "if my husband at his death has any of the property Real and Personal which I have willed him then said property shall go to Elby Whicker for taking care of my husband and myself in our old days." In construing this will the court said:

> "Applying these two principles to the determination of the question presented in the instant case, as to whether an estate in fee or one only for life was devised by the testatrix to her husband, we find that she, under the wording of the involved clause of her will, devised her husband all her property, real, personal, and mixed. No express

words are used by her to impose any limitation or restriction upon the devisee Strong's power to dispose of the property devised him as he might desire, either by inter vivos conveyance or by will. The rule in such case, where the power of disposition is absolute, is, as announced in the cases, supra, that the devisee invested with such absolute right of disposition over the property, which are the attributes of a fee, takes a fee. From this it follows that the here attempted limitation over or devise of what remains or is left undisposed of upon the death of the taker of the fee is void. Wintuska v. Peart, supra."

Some of the cases referred to in the opinion, supra, were Snyder v. Snider, 202 Ky. 321, 259 S. W. 700, 701, Linder v. Llewellyn's Adm'r, 190 Ky. 388, 227 S. W. 463, 464; Lightfoot v. Beard, 230 Ky. 488, 20 S. W. (2d) 90.

In the first case noted immediately above, the devise was from Snyder to his widow, of all property real and personal, with subsequent clause "at the death of my wife * * * all property belonging to her shall be equally divided between my heirs." In construing that will this court said:

"Manifestly the devise made in the beginning of the will of all of the testator's property to his wife, is unqualified and absolute, and, such being its character, it invests her with the fee-simple title to the property devised; which, even in the absence of words to that effect, by necessary implication or inference also invests her with the unlimited power to sell or otherwise dispose of the property."

In the second case noted, the devise was of all property, real and personal, to the wife of testator, with subsequent clause providing "whatever property may be remaining at her death, I wish the same equally divided between the children of my brother and sister." In both these cases, as in Whicker v. Strong, attempted limitation was held void. For a clear statement of the rule, see also Phelps v. Stoner's Adm'r et al., 184 Ky. 466, 212 S. W. 423.

What is said above clearly disposes of all contentions whatsoever as to the effect of clause six of the

will, and we have already pointed out that the fifth clause did not in any way restrict the right of appellant to sell the real estate.

From a consideration of the entire will, in the light of the rules of construction above cited, we are of the opinion that Joseph Brinley took a fee-simple title to the property devised to him under the second clause of the will in question and such should have been the judgment of the court. This conclusion requires the reversal of the judgment below, for proceedings consistent herewith.

Judgment reversed.