# Stahr et al. v. Mozley.

Oct. 8, 1940.

L. L. Hindman, Judge.

E. J. Stahr and F. B. Martin for appellants.

Webb & Webb and Miles & Miles for appellee.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

This case involves the question of whether Mrs. Johnie P. Mozley, nee Thomas, was bequeathed a life estate or a fee simple estate under the will of her mother, Mrs. Emily J. Thomas, deceased. The lower court held that she took a fee simple estate. The appellants, defendants below, contend that Mrs. Mozley took only a life estate.

The essential provisions of the first clause of the will are:

"I hereby give and bequeath to my two younger daughters, viz.: Emily E. Thomas and Johnie P. Thomas, all of the tract of land on which I now live, which tract of land was bequeathed to me by will of my late husband Jno H. Thomas, deceased, * * *" (there follows a description of the property).

"I will and bequeath the above described land to my daughters Emily E. and Johnie P. Thomas and to their children, and I will that at my death said tract of land be equally divided between them according to value, so that each one's share shall be equal value as near as possible."

Under the second clause of the will Mrs. Thomas gave her two older daughters, who were married, the remainder of her property, consisting of money, promis-

sory notes and other personalty. The third provision provided for the appointment of an executor. The remaining provision provided that the four daughters bear equally the funeral expenses of their mother.

In urging reversal the appellants rely mainly upon the following cases: Rice v. Klette, 149 Ky. 787, 149 S. W. 1019, L. R. A. 1917B, 45; Dicken v. Dicken, 151 Ky. 438, 152 S. W. 258, 43 L. R. A., N. S., 276; and E. H. Shelman & Co., Inc., v. Livers' Ex'x, 229 Ky. 90, 16 S. W. (2d) 800. The Dicken case quotes extensively from the opinion in the case of Naville v. American Machine Company, 145 Ky. 344, 140 S. W. 559, 561, 37 L. R. A., N. S., 153. In the Naville case it was pointed out that, where the bequest is to one and his children forever, this Court's decisions are to the effect that the word "children" was used in the sense of "heirs," thus vesting a fee simple estate. The opinion also refers to cases wherein there was a devise to a blood relative and his children without the word "forever" following the word "children." In the course of the opinion it is said:

> "From the foregoing, we are enabled to divide the decisions of this court, bearing upon the question under consideration, into three general classes: First, devises by a father or mother to a son, daughter, or blood relation, in which the language 'to him and his children forever' is used; second, devises to a blood relation and his children, where the word 'forever' is not used following the word 'children'; and, third, devises by a husband to his wife and her children. In all those cases falling within the first class, the word 'children' has been construed as meaning 'heirs,' and under this construction it has been held that they took no interest in the property devised. In the second class of cases it has been held that the children took a fee, subject to the life estate of their parent. And in the third class of cases the children have been held to take the fee and the parent the life estate; the opinion in the cases falling within this class being rested, as stated, upon the idea that the testator, while wanting his wife to have the full use, benefit, and enjoyment of his property during her life, would not want it, after her death, to pass to those strangers in blood to him.

> "Of course, in the multiplicity of suits involv-

ing the construction of wills, many cases will be found that are not properly assignable to any of these classes. Other clauses in the will frequently throw some light upon the clause submitted for construction, and in such cases the court can be governed by no fixed rule, but must determine from the language used in the will as a whole the character of estate devised."

In the case of Hayes v. Hayes, 154 Ky. 729, 159 S. W. 544, it was pointed out that those cases in which the construction usually given to a devising clause is changed by some other clause of the will are not infrequent, and may be said to constitute a fourth general class. The last paragraph of the foregoing quotation from the Naville opinion is to the same general effect.

Obviously, the use of the words "and to their children," without the use of the word "forever" in the will before us, places this case in the second classification referred to in the Naville opinion, thereby giving the appellee only a life estate. It becomes necessary, therefore, to examine the will to see whether or not a contrary purpose can be found. As pointed out in the Rice and Shelman cases, supra, a devise to a person and his children vests in such person a life estate with remainder to his children where there is nothing in the will to show a contrary purpose.

Counsel for the appellee contend that this case falls within the fourth general class heretofore mentioned. They have cited numerous cases which stress the necessity of examining the will as a whole to ascertain the intent of the testator as to the use of the word "children," including the cases of Ramey v. Ramey, 195 Ky. 673, 243 S. W. 934; Martin v. Martin, 203 Ky. 712, 262 S. W. 1091; Goggin v. Reed's Ex'r, 211 Ky. 256, 277 S. W. 268; Brinley v. Brinley's Adm'r, 261 Ky. 698, 88 S. W. (2d) 679. They insist that the first and last sentences of clause 1 indicate that the testatrix intended to give her younger daughters fee simple estates. They point out also that clause 1 provided for the division of the real estate between the younger daughters at the time of the death of the testatrix, and that clause 2 provided for the division of the residue of the estate between the older daughters at that time, thereby showing an intent to vest absolute estates in the four children. The provi-

sion of clause 4 that the funeral expenses be borne equally by the children is cited in support of this contention.

We have examined the will as a whole, but we are unable to reach the conclusion contended for by the appellee. We do not think that the instrument shows an intent to use the words "to their children" other than as words of purchase. We have noted from the cases heretofore cited that the granting of an estate to one and to his children, without the use of the word "forever" after the word "children," has been construed as vesting a life estate in the one first mentioned with remainder to the children, except where an examination of the whole will shows a contrary intent. The word "children" appears in the will only once, and, as indicated, we can not escape the conclusion that the testatrix meant by clause 1 to bequeath a life interest to her two younger children in her real estate with remainder to their children. The fact that clause 1 provided that the property be divided between the two younger children at the death of the testatrix did not mean that absolute estates were bequeathed to them. It is our view that the testatrix meant that the shares of the life tenants were to be equal. Nor do we think that the fact that the second clause of the will gave the residue of the estate, consisting of money, notes and other personalty, to the two older children without reservation, alters the case any more than does the last provision of the will which provided that the four daughters bear equally their mother's funeral expenses.

The appellee took a life estate under the will of her mother, though she may have thought she was taking a fee simple estate. While she and her sister executed deeds to each other to their respective interests upon the death of their mother (1904), there was no adverse holding against the remaindermen. Superior Oil Corporation v. Alcorn, 242 Ky. 814, 47 S. W. (2d) 973; Murphy v. Boling, 273 Ky. 827, 117 S. W. (2d) 962, 117 A. L. R. 1373.

Wherefore, we are forced to the conclusion that the judgment must be and it is reversed, with directions to set it aside and to enter a judgment in conformity with this opinion.